ANTHONY GALLUCCIO vs. ELECTION COMMISSIONERS
OF CAMBRIDGE.

Middlesex.   October 9, 1959 — October 14, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, &
WHITTEMORE, JJ.

*Elections.   Cambridge.*   .

The provision of G. L. c. 54, § 41, as amended through St. 1955, c. 256,
requiring that on the ballots in city elections the words "Candidate
for Re-election" be added to the name of a candidate for an office of
which he is an elected incumbent is applicable in Cambridge having
a Plan E charter with election of candidates by proportional repre-
sentation.

PETITION for a writ of mandamus filed in the Superior
Court on September 24, 1959.

The case was heard by *R. Sullivan*, J.

*Richard D. Gerould*, City Solicitor, for the respondents.

*Charles H. McGlue*, for the petitioner.

WILKINS, C.J.   The petitioner is a candidate for re-
election to the school committee of the city of Cambridge
in the coming election.   By this petition for a writ of man-
damus he seeks an order that the respondent board of elec-
tion commissioners of the city print the ballots with the
words "Candidate for Re-election" after the names of the
incumbent councillors and incumbent members of the school
committee.   An order was entered directing that the writ
issue, and the respondent board appealed.   G. L. c. 213,
§ 1D, inserted by St. 1943, c. 374, § 4, as amended by St.
1957, c. 155.

General Laws c. 54, § 41, as amended through St. 1955,
c. 256, provides in part, "To the name of a candidate for a
state or city office who is an elected incumbent thereof
there shall be added in the same space the words 'Candidate

for Re-election.'"[1]   The respondent board contends that
the provisions of the Plan E charter which in Cambridge
call for the election of candidates by proportional represen-
tation are such that § 41 is inconsistent and, therefore,
inapplicable.

Plan E was introduced into G. L. c. 43, as §§ 93–116, by
St. 1938, c. 378, § 15.   It is unnecessary for present purposes
to recount amendments.   See *Mayor of Gloucester* v. *City
Clerk of Gloucester*, 327 Mass. 460, 462–463.   Section 116
reads, "Except as otherwise provided in this chapter, all
regular elections held under this plan shall be subject to all
general laws relating to elections and corrupt practices, so
far as applicable and not inconsistent with this chapter."

More particularly, the respondent board's contention is
that c. 54, § 41, is inconsistent with the intent of the Cam-
bridge charter to secure to each candidate the greatest
possible equality on the ballot.   See *Moore* v. *Election
Commrs. of Cambridge*, 309 Mass. 303, 320–321.   We shall enu-
merate the statutory provisions upon which the board relies.

(1) In the form of nomination papers under Plan E,
there is no provision for a declaration that a candidate is a
candidate for reëlection.   G. L. c. 43, § 110.   There is such
a provision in the general statute relating to the nomination
of candidates for town office.   G. L. c. 53, § 8, as amended
through St. 1957, c. 278, § 1.

(2) Under Plan E the form and contents of ballots are
regulated by c. 43, § 112, which provides in part, "There
shall be a separate form of ballot for each body to be elected,
and each such separate form of ballot shall be of a different
and clearly distinguishable color from that of any other form
of ballot prepared and furnished at the public expense for
use at the same election. . . . ' No official ballot used at
any regular municipal election shall have printed thereon
any party or political designation or mark, and there shall

---

[1] Prior to St. 1955, c. 256, this sentence read, "To the name of a candidate
for a state or city office who is an elected incumbent thereof [and who is one
of two or more candidates therefor bearing the same or a similar surname,]
there shall be added in the same space the words 'Candidate for Re-election.'"
The words in brackets were struck out by c. 256.

not be appended to the name of any candidate any such party or political designation or mark, or anything showing how he was nominated or indicating his views or opinions." In c. 54, § 41, immediately previous to the sentence upon which the petitioner relies there is this sentence: "To the name of each candidate for a state or city office, except city offices in cities where political designations are forbidden, shall be added in the same space his party or political designation or designations."

(3) The form and contents of ballots are further regulated by G. L. c. 54A, § 5, inserted by St. 1938, c. 341, § 1, which provides in part: "Ballots used in elections to such a body or office by proportional representation or preferential voting shall be printed in as many lots as there are candidates for election thereto. In the first lot the names of the candidates shall appear in the alphabetical order of their surnames. In the second lot the names shall appear in the same order except that the first name in the first lot shall be placed last. In each succeeding lot the order shall be the same as that of the lot preceding, except that the first name in that preceding lot shall be placed last. Sets of ballots to be used at the several polling places shall be made up by combining ballots from the different lots in regular rotation, so that no two successive voters shall receive ballots from the same lot, and so that each candidate's name shall appear first and in each other position substantially the same number of times on the ballots used." The general provisions relating to elections give elected incumbents positions at the top of the ballot. G. L. c. 54, § 42, as amended through St. 1953, c. 432.

We cannot accept the contentions of the respondent board. The broad language of c. 54, § 41, is of general application and contains no exception. The provisions of Plan E and of the statute relating to proportional representation or representative voting relied upon by the board and outlined above do not amount to an inconsistency rendering the provision in question of c. 54, § 41, inapplicable to Cambridge.

*Order for judgment affirmed.*