CITY OF GAHANNA, Appellee,

v.

JONES–WILLIAMS et al., Appellants.

[Cite as *Gahanna v. Jones–Williams* (1997), 117 Ohio App.3d 399.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 96APC05–584 and 96APC05–585.

Decided Jan. 7, 1997.

---

400

*Raymond J. Mularski,* for appellee.

*Gary W. Deeds,* for appellants.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Deborah Jones–Williams and E. Paul Jones, appellants, from the judgments entered April 24, 1996, reflecting the jury's finding that appellants were guilty of violating Gahanna City Codified Ordinances 161.16 ("Gahanna Section 161.16"). Appellants were given sentences of thirty days in jail, which were suspended, and were fined $250 plus costs.

The history of this case is as follows: Appellants did not file a Gahanna income tax return for 1992. Some correspondence between appellants and the Gahanna prosecuting attorney's office took place, and when no resolution was reached, affidavits and a complaint were filed, charging appellants with violating Gahanna Section 161.16.

The affidavits issued by Bryan K. Hairston, in the Gahanna Mayor's Court, state that, on or about April 15, 1993, appellants failed to pay Gahanna city income tax for the 1992 year. The complaint, issued by the Gahanna Mayor's Court clerk, states that, on or about January 18, 1996, appellants failed to "file/pay" Gahanna income tax for the year 1992. The complaint further states that a violation of Gahanna Section 161.16 is a misdemeanor of the fourth degree. The jury found appellants guilty of "the offense charged in the complaint." Appellants appealed and present the following assignments of error for our review:

"1. The Appellants were charged, tried, convicted and sentenced in violation of the *Ex Post Facto* Clause of the United States Constitution.

"A. Charged—Affidavits and Complaints, R. 1.

"B. Tried—Record as Whole.

"C. Convicted—Verdict, R. 18; Decision Entry, R. 19.

"D. Sentenced—Sentence Entry, R. 20; Tr.Trans. p. 121–122.

"2. The Affidavits and Complaints failed to state an offense as a matter of law. Affidavits and Complaints, R. 1.

"3. The evidence produced at trial was insufficient to sustain guilty verdicts. Record as Whole.

"4. The following jury instruction given by the Trial Court constituted plain error:

" 'The defendants are charged under a specific section of the Gahanna code, which states in pertinent part, any person subject to the provisions of this chapter who shall fail, neglect, or refuse to make any return or declaration or any taxpayer who shall fail, neglect, or willfully or fraudulently refuse to pay the tax, interest, and penalties imposed in this chapter are in violation of this chapter.' "

Appellants also set forth the following issues:

"1. Whether Appellants were charged, tried, convicted and sentenced in violation of the *Ex Post Facto* Clause of the United States Constitution? (Assignment of Errors, Error Number 1.)

"2. Whether the charge failed to state the offense of failure to pay when it failed to allege that a tax was due from Appellants? (Assignment of Errors, Error Number 2.)

"3. Whether a conviction for failure to pay tax can be sustained where the prosecution failed to present any evidence that Appellants owed any tax? (Assignment of Errors, Error Number 3.)

"4. Whether the Trial Court's instruction to the jury that the Appellants were charged under a statue [*sic* ] making it a crime to fail to file a return constituted plain error? (Assignment of Errors, Error Number 4.)"

■ For the following reasons, we find that appellants' first assignment of error is well taken and therefore reverse the trial court's judgment.

As of April 15, 1993, Gahanna City Ordinance No. 197–90, codified at Gahanna Section 161.16, read as follows:

"[A]ny taxpayer who shall fail, neglect or refuse to pay the tax, interest and penalties imposed by this chapter * * * shall be deemed guilty of a minor misdemeanor and shall be fined not more than one hundred dollars ($100.00) for this first offense * * *."

■ This ordinance further provided for a jail sentence, on the second offense.[1]

Gahanna Section 161.16 was subsequently amended on December 21, 1993, by Gahanna City Ordinance No. 303–93 ("Ordinance 303–93"), which provided that failure to pay the tax imposed constituted a misdemeanor of the fourth degree, subject to a maximum fine of $250 for the first offense. Contrary to appellants' assertion, this ordinance does not state that a failure to make any return or declaration constitutes a misdemeanor of the fourth degree. However, this court recognizes that the ordinance does provide that the failure to receive or procure a return or declaration form does not excuse one from making a return or declaration.[2] Although the ordinance is not clear, this would indicate that one is required to make a return or declaration. Ordinance 303–93 provides:

---

1. Appellee's argument that the record does not contain these versions of the ordinances and that therefore this court should not consider them is not well taken. It is axiomatic that this court may take judicial notice of legislative enactments.

2. Appellants provided the court with the following language, alleging that Ordinance No. 303–93 reads as follows: *"Any person subject to the provisions of this chapter who shall fail, neglect*

"Any taxpayer who shall fail, neglect or willfully or fraudulently refuse to pay the tax, interest and penalties imposed by this chapter * * * shall be deemed guilty of a misdemeanor of the fourth degree and shall be fined more than two hundred fifty dollars ($250) for this first offense * * *. *The failure of an employer or taxpayer to receive or procure a return or declaration form, shall not excuse him from making a return or declaration or paying the tax levied under this chapter.*" (Emphasis added.)

Thus, this amendment, effective December 21, 1993, arguably made the failure to file a return a criminal offense. Ordinance 303–93 further extended the amount of jail time for a second offense to a maximum of ninety days. Moreover, this ordinance increased the penalties associated with the failure to pay tax, increasing the maximum fine from $100 to $250, and making the violation of this ordinance a misdemeanor of the fourth degree, when previously the failure to pay tax had simply been a minor misdemeanor.

Ordinance 86–94, passed on May 17, 1994, clearly made the failure to make any return or declaration a misdemeanor of the fourth degree. Ordinance 86–94 also removed the reference to jail time for a second offense. Appellants argue that this had the effect of permitting jail time for a first offense.

Thus, the statute in effect on April 15, 1993, when appellants failed to file a return, penalized a taxpayer only for failure to pay tax. It did not penalize a taxpayer for failure to file a return. Moreover, this statute provided for a maximum $100 fine, further provided that a violation of the statute constituted a minor misdemeanor, and did not provide for jail time on a first offense. The version of the statute that was applied at appellants' trial, Ordinance 86–94, differs greatly from the prior ordinance (No. 197–90). Ordinance 86–94 penalizes a taxpayer for failure to file a return. Moreover, this statute provides for a maximum $250 fine and provides that a violation of the statute constitutes a misdemeanor of the fourth degree. It further arguably allows for jail time on a first offense. For those reasons, we hold that the Ex Post Facto Clause of the United States Constitution was violated, and the judgment against appellants is void as a matter of law.

An ex post facto law has been defined as follows:

" '1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes the action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment,

---

*or refuse to make any return or declaration* * * * shall be guilty of a misdemeanor of the fourth degree * * *." (Emphasis added.) Ordinance 303–93, which this court obtained from the city of Gahanna, simply does not contain the emphasized language.

than the law annexed to the crime, when committed.'" *Miller v. Florida* (1987), 482 U.S. 423, 429, 107 S.Ct. 2446, 2450, 96 L.Ed.2d 351, 359, quoting *Calder v. Bull* (1798), 3 Dall. (3 U.S.) 386, 390, 1 L.Ed. 648.

As applied to the facts of this case, it is clear that Ordinance 86–94 made the failure to file a return a crime, and such failure was not a crime under the version of Gahanna Section 161.16 that was in effect as of April 15, 1993. Ordinance 86–94 likewise made the failure to file, and the failure to pay, misdemeanors of the fourth degree, where previously the failure to pay was simply a minor misdemeanor. Finally, Ordinance 86–94 increased the punishment by increasing the fine for a first offense and by arguably permitting jail time for a first offense.

 Appellee argues that appellants' failure to present this argument below constitutes waiver. We disagree. A conviction and sentence under a law that violates the Ex Post Facto Clause of the United States Constitution is void. *Miller, supra.* A void judgment may be challenged at any time. See *Internatl. Lottery, Inc. v. Kerouac* (1995), 102 Ohio App.3d 660, 665, 657 N.E.2d 820, 823. A void judgment is a nullity. *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St.2d 31, 35 O.O.2d 42, 215 N.E.2d 698. A void judgment "can be attacked by motion, on appeal, or collaterally without time restrictions." *In re Murphy* (1983), 10 Ohio App.3d 134, 138, 10 OBR 184, 188, 461 N.E.2d 910, 915. Moreover, this court has inherent power to vacate a void judgment. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941.

 Appellee also argues that as of the date of the complaint, January 18, 1996, appellants had still not filed a return for the 1992 year and, therefore, their failure constituted a continuing violation. Thus, appellee argues that the current version of Gahanna Section 161.16 should be utilized. Such an application of the ordinance, however, would lead to absurd results.

Given such a construction, any taxpayer who failed to file a return in prior years when a filing was not required (up until the 1994 amendment) could face criminal charges for failing to declare or file a tax return. Under appellee's construction, a taxpayer who failed to file a return in 1965, for example,[3] could be brought up on criminal charges in 1996 for this "continuing violation." Accordingly, we find that the prior version of the statute, namely Ordinance 197–90, which was in effect on April 15, 1993, should have been applied in this matter.

---

**3.** Obviously this example could be applied to any tax year. What about a taxpayer who did not file a return in 1966? 1967? 1968? 1969? 1970? 1980? Would this failure constitute a "continuing violation" for all of these tax years, simply because Ordinance 86–94 modified Gahanna Section 161.16 as of May 17, 1994? Such a result is absurd.

For all of the above reasons, we sustain the first assignment of error. Given our disposition of the first assignment of error, appellants' remaining assignments of error are rendered moot and are therefore overruled. App.R. 12(A).

Accordingly, appellants' first assignment of error is sustained, and the second, third, and fourth assignments of error are overruled as moot. The judgment is reversed, and the cause is remanded for further proceedings consistent with the law and this opinion. Costs of this appeal to be paid by appellee. App.R. 24(A)(3).

*Judgment reversed*
*and cause remanded.*

LAZARUS and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.