DECISION AND JUDGMENT ENTRY
Thomas C. Cataraso appeals the Ross County Court of Common Pleas' judgment finding that he did not timely file his motion to void his sentence. Cataraso contends that the trial court erred in treating his motion as a petition for post- conviction relief because it challenged the trial court's subject matter jurisdiction, which may be raised at any time. Because the trial court possessed jurisdiction to sentence Cataraso, we disagree. Cataraso further asserts that, even if his motion did constitute a petition for post-conviction relief, he timely filed it pursuant to the exception provided for petitioners who are unavoidably prevented from discovering facts upon which they must rely to present their claims for relief. Because we find that Cataraso could have challenged his sentence on direct appeal on the same grounds he now advances, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
The Ross County Court of Common Pleas convicted Cataraso of passing bad checks after he pled guilty to charges against him. On December 13, 1999, the court sentenced Cataraso to prison and ordered him to pay restitution. Cataraso did not appeal.
While in prison, Cataraso discovered the cases of State v. Ward
(1999), 135 Ohio App.3d 76, and State v. Hooks (2000), 135 Ohio App.3d 746. In Ward and Hooks, the Twelfth and Tenth District Courts of Appeals found that restitution is a valid sentence only to compensate for crimes that pose the threat of personal injury or death.[1] Both courts found that their respective trial courts had exceeded the authority conferred upon them by statute in ordering restitution for crimes that did not cause or threaten physical injury or death.
On August 9, 2001, Cataraso filed a motion to vacate the restitution order imposed upon him on the grounds that his crime did not pose any threat of injury or death. The trial court treated Cataraso's motion as a petition for post-conviction relief and dismissed it as untimely. Cataraso appeals, asserting the following assignments of error:
 "I. The trial court erred by failing to vacate void restitution orders which restitution orders were imposed contrary to Ohio law.
 "II. The trial court erred by construing Appellant's motion to vacate (void) restitution orders as a motion for postconviction relief pursuant to R.C. 2953.21
when Appellant did not raise a constitutional issue in his motion to vacate restitution order."
 II.
We first consider Cataraso's second assignment of error. Cataraso contends that the trial court erred by construing his motion to vacate or void as a motion for post- conviction relief. Cataraso asserts that his motion does not constitute a motion for post-conviction relief because he did not assert a violation of his constitutional rights, but rather asserted that the trial court lacked subject matter jurisdiction to order him to pay restitution. Specifically, Cataraso contends that because the trial judge acted beyond his statutory authority, the trial court lacked subject matter jurisdiction of his case. Cataraso further asserts that because he is challenging the subject matter jurisdiction of the trial court, the trial court erred in ruling that he failed to file his motion within the statutory time frame, because one may challenge a void judgment at any time. See State v. Wilson (1995), 73 Ohio St.3d 40,45-46, fn. 6.
If the trial court was without subject matter jurisdiction of Cataraso's case, his conviction and sentence would be void ab initio andCataraso could raise the issue at any time. See Gahanna v.Jones-Williams (1997), 117 Ohio App.3d 399, 404, citing Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. However, despite Cataraso's characterization of his challenge, he does not attack the subject matter jurisdiction of the trial court. Rather, Cataraso merely challenges the authority of the trial judge to act within its jurisdiction.
"Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." State v. Swiger (1998),125 Ohio App.3d 456, 462. The relevant inquiry is which court constitutes the proper forum to hear the type of case in question, "i.e., municipal or common pleas, court of general jurisdiction or juvenile court."Swiger at 462, citing State v. Nelson (1977), 51 Ohio App.2d 31, Wilson,supra.
At the trial court level, jurisdiction of criminal cases is vested in the court of common pleas. Swiger; R.C. 2931.03.
"Where it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the "exercise of jurisdiction," as distinguished from the want of jurisdiction in the first instance.
"* * * In cases where the court has undoubted jurisdiction of thesubject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from." Swiger at 462-463,quoting In the Matter of Waite (1991), 188 Mich. App. 189, 468 N.W.2d 912,917 (emphasis in original).
In this case, the trial court undeniably had jurisdiction to sentence Cataraso and had jurisdiction to determine whether restitution was an appropriate sentence. Even Cataraso concedes as much in his reply memorandum to this court. Cataraso's argument that the trial court exceeded its authority by ordering him to pay restitution under the facts of this particular case amounts to an argument that the court erred in the exercise of its jurisdiction, not that the court did not possess jurisdiction at all.
Because Cataraso filed his motion subsequent to the time allowed for a direct appeal, claimed a denial of his constitutional right to be sentenced in accordance with the law, and has asked this court to void or vacate his sentence, we find that his motion constitutes a motion for post-conviction relief. See State v. Reynolds (1997), 79 Ohio St.3d 158,160.
Pursuant to R.C. 2953.21(A)(2), a petitioner must file a petition for post-conviction relief no later than one hundred eighty days after the expiration of the time for filing an appeal of the judgment of conviction. R.C. 2953.23(A) provides an exception to this requirement for a petitioner who shows that he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," and that no reasonable factfinder would have found him guilty but for the constitutional error at trial. R.C. 2953.23(A).
In this case, the trial court sentenced Cataraso on December 13, 1999. Cataraso filed his motion for post-conviction relief on August 9, 2001.[2] Thus, more than one hundred eighty days elapsed before Cataraso filed his motion. Cataraso contends that the exception to the time limitation applies to him because he was unavoidably prevented from discovering facts upon which he relied in presenting his claim for relief. In particular, Cataraso claims that he could not reasonably have been aware of the holdings from cases from the Twelfth and Tenth Appellate Districts until they became available to him at the prison library.
Despite Cataraso's contention, holdings from other appellate districts do not constitute facts upon which he needed to rely in order to present his claim for relief. To the contrary, those cases illustrate that Cataraso could have timely appealed his original sentence to this court on the same grounds that the appellants in Ward and Hood advanced, despite the lack of persuasive or controlling precedent available to those appellants. Thus, we find that the exception provided in R.C.2953.23(A) does not apply in this case to excuse Cataraso from the one hundred eighty-day filing deadline.
In sum, we find that the trial court properly treated Cataraso's motion as a petition for post-conviction relief and properly dismissed the petition because Cataraso did not timely file it. Thus, we overrule Cataraso's second assignment of error. We find his first assignment of error moot, and decline to address it pursuant to App.R. 12(A)(1)(c). Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
[1] Effective March 23, 2000, the statutory provisions relating to a sentencing court's authority to order restitution as a financial sanction were amended so as to remove the requirement that the crime pose a threat of personal injury or death. R.C. 2929.01(M); S.B. 107.
[2] Cataraso contends that he "initially attempted" to file his motion in January of 2001 and that it was returned to him unfiled due to his failure to file an affidavit of indigency. No evidence of this initial attempt appears in the record. However, in any event, more than 180 days elapsed between December of 1999 and January of 2001.