[Cite as *State ex rel. Post v. Speck*, 185 Ohio App.3d 828, 2010-Ohio-105.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MERCER COUNTY

The State of Ohio ex rel.
Post et al.,

      Appellees,

v.

Speck, Dir., Ohio Department
of Natural Resources,

      Appellant.

Court of Appeals No. 10-09-06

Trial Court No. 01-CIV-091

**DECISION AND JUDGMENT**

Decided:   January 19, 2010

* * * * *

Bruce L. Ingram, Joseph R. Miller, and Thomas H. Fusonie, for appellees.

Richard Cordray, Attorney General, and John P. Bartley, Rachel H. Stelzer, and Raymond J. Studer, Assistant Attorneys General, for appellant.

* * * * *

HANDWORK, Judge.

{¶ 1} This appeal is from the March 18, 2009 judgment of the Mercer County Court of Common Pleas, which determined the date of the involuntary taking of the properties of appellees, Leo Post, Richard Baucher, Jack Minch, Steve Zumberge, and Terry Linn. Upon consideration of the assignments of error, we vacate the decision of the lower court. Appellant, the director of the Ohio Department of Natural Resources ("ODNR"), asserts the following assignments of error on appeal:

{¶ 2} "Assignment of error No. 1

{¶ 3} "The trial court did not have subject matter jurisdiction to decide the date of take issue because, after the director filed ODNR's first notice of appeal, the court of appeals' decision and judgment entry did not remand this action back to the trial court.

{¶ 4} "Assignment of error No. 2

{¶ 5} "The trial court erred in setting a date of take for valuation purposes later in time than the state's initial date of entry."

{¶ 6} On December 4, 2006, this court affirmed the decision of the Mercer County Court of Common Pleas. We affirmed the grant of a writ of mandamus compelling the ODNR to initiate appropriation proceedings to compensate appellees for the taking of their properties by flooding resulting from a change in the management of the water levels and the construction of a new spillway at Grand Lake St. Marys. Following our decision, the trial court ordered the parties to brief the issue of what "date of taking" should be used. After considering the memoranda of May 31, 2007, and June 4, 2007, the trial court, on July 12, 2007, set the date of taking as the date the taking was determined at trial, December 14, 2005. Appellee moved on September 18, 2009, to correct our reading of the trial court's July 12, 2007 judgment. Appellees argue that the court held that the date of taking was the date of the trial in the later appropriation proceedings and not the mandamus action. We disagree with appellees' interpretation of the July 17, 2007 judgment. However, our decision in this appeal renders the issue moot, and appellees' motion is denied.

2.

{¶ 7}   On February 18, 2009, the trial court "dismissed" the mandamus action. The ODNR filed this appeal from that order challenging only the July 12, 2007 date-of-taking determination.  Meanwhile, the ODNR filed five separate appropriation actions in the Mercer County Common Pleas Court pursuant to the writ of mandamus, and these proceedings are currently pending.

{¶ 8}   On appeal, the ODNR argues in its first assignment of error that the trial court lacked subject-matter jurisdiction to determine the date of taking.  Alternatively in its second assignment of error, appellant argues that the trial court erred in its determination of the date.

{¶ 9}   We agree with the ODNR that after this court affirmed the grant of a writ of mandamus to appellees, the trial court lacked subject-matter jurisdiction over this action. We specifically affirmed the judgment of the trial court without remanding it to the trial court for further proceedings.  We expected the ODNR to comply with the writ and file the appropriation actions in the Mercer County Common Pleas Court.  However, the trial court attempted to reassume jurisdiction over the mandamus action and determine the date-of-taking issue.

{¶ 10} Jurisdiction is a prerequisite to a valid judgment.  *Truman v. Walton* (1899), 59 Ohio St. 517, 529, and *State ex rel. Herring v. Greater Unity Baptist Church*, 6th Dist. No. L-01-1345, 2002-Ohio-4944.  Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action.  *Morrison v. Steiner* (1972), 32 Ohio St.2d 86.  A judgment is void if the court

3.

lacks subject-matter jurisdiction over the type of case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 11. However, if the court generally has subject-matter jurisdiction over the case, but exercised jurisdiction erroneously in a particular case, the subsequent judgment is merely voidable. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 12, superseded by statute on other grounds as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. We review the issue of subject-matter jurisdiction de novo. *Yazdani-Isfehani v. Yazdani-Isfehani*, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20.

{¶ 11} Void judgments can be attacked at any time. Civ.R. 60(B), 1970 Staff Notes; S*tate v. Simpkins*, at ¶ 23, and *Gahanna v. Jones-Williams* (1997), 117 Ohio App.3d 399, 404, quoting *In re Murphy* (1983), 10 Ohio App.3d 134, 10 OBR 184, 461 N.E.2d 910 (" 'A void judgment can be attacked by motion, on appeal, or collaterally without time restrictions' "). Moreover, the trial court has inherent power to vacate a void judgment. *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70. Some appellate courts have extended the *Patton* holding to find that appellate courts have inherent power to vacate void orders. *Grimes v. Grimes,* 173 Ohio App.3d 537, 2007-Ohio-5653, ¶ 24, and *Gahanna v. Jones-Williams*. We also note that the Ohio Supreme Court has vacated a trial court's void judgment. *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, ¶ 13, superseded by statute on other grounds as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434.

4.

**{¶ 12}** Since the trial court in this case exercised jurisdiction over the merits of the case after the final order was rendered, the court acted outside of its subject-matter jurisdiction and its subsequent judgment is void. *Fiore v. Larger*, 2d Dist. Nos. 05-CV-6054 and 07-CV-8371, 2009-Ohio-5408, ¶ 36. Therefore, we find appellant's first assignment of error well taken and its second assignment of error moot.

**{¶ 13}** We find that the trial court did commit error prejudicial to appellant, that substantial justice has not been done, and that the judgment of the Mercer County Court of Common Pleas is void. We hereby vacate the trial court's judgment. We specifically do not remand this case to the trial court as there are no further proceedings warranted in this mandamus action. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment vacated

PIETRYKOWSKI and SINGER, JJ., concur.

PETER M. HANDWORK, MARK L. PIETRYKOWSKI, and ARLENE SINGER, JJ., Sixth District Court of Appeals, sitting by assignment.