[Cite as *Head v. Victor McKenzie Drilling, Inc.*, 2019-Ohio-4728.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GARY HEAD, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiffs-Appellees | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 19-CA-00002 |
| VICTOR MCKENZIE DRILLING, INC. | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 18-CV-00092 |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT ENTRY: | November 18, 2019 |

APPEARANCES:

| For Plaintiffs-Appellees | For Defendant-Appellant |
|---|---|
| DERRICK E. MOOREHEAD<br>MOOREHEAD LAW OFFICE, LLC<br>58 North Fifth Street<br>Zanesville, Ohio 43701 | SCOTT D. EICKELBERGER<br>RYAN H. LINN<br>KINCAID, TAYLOR & GEYER<br>50 North Fourth Street, PO Box 1030<br>Zanesville, Ohio 43702-1030 |

*Wise, J.*

**{¶1}** Defendant-Appellant Victor McKenzie Drilling, Inc. appeals the February 5, 2019, decision of the Perry County Court of Common Pleas.

**{¶2}** Appellees have not filed a brief in this matter.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** The undisputed facts as set forth by the trial court in its February 5, 2019, are as follows:

The Plaintiffs are owners of property in Perry County, which contain oil and gas lease agreements. Through the years 2001 through 2010, with the exception of three years, Mr. Head received payments from the oil and gas well. He did not receive any further payments until October 29, 2018. He did not return or cash the check. Mr. Dilts has owned his property since 1999 and has never received a payment. The lease provides that the landowners receive $50.00 per year if the gas is not sold from the premises. Those payments have not been received.

Mr. Gibson has changed the pump on the well three times. The pump can be pulled out and put back within two (2) days if it is already built. In order to fix the pump, it had to be pulled out of the well, rebuilt, and put back in the well to see if it pumps. Mr. Gibson was able to get the pump working on this well in April, 2018, which was the same month this lawsuit was filed. Mr. Gibson has 60 wells he works on. During the years of 2010 through 2017, Mr. Gibson testified he was working on the well. Mr. Gibson has paid the electric bill and insurance on the well each month. There was a period

of time the well did not produce. He has never been ordered by the state to plug the well. After the time and effort to get the well working again, it produced 39 barrels in September, 2018. It has made another 11 barrels since that time. The 39 barrels produced the amount of $2,397.34. Due to the expenses of electric and insurance, the well will become profitable in a year. As of the date of the hearing, there were 21 barrels in the tank. According to the Defendant, the well is producing in paying quantities based upon his work. Mr. Gibson has been in the oil and gas business for 44 years.

"Courts universally recognize the proposition that a mere temporary cessation in the production of a gas or oil well will not terminate the lease under a habendum clause of an oil and gas lease where the owner of the lease exercises reasonable diligence and good faith in attempting to resume production of the well." *Wagner v. Smith*, 8 Ohio App.3d 90, 92, 456 N.E.2d 523 (Fourth Dist. 1982). "A critical factor in determining the reasonableness of the operator's conduct is the length of time the well is out of production." *Id.*, citing *Jath Oil Co. v. Durbin Branch* (Okl. 1971), 490 P.2d 1086. In addition to the length of time, the Court must consider all attendant circumstances. *Id.*, citing *Barrett v. Dorr* (1965), 140 Ind. App. 295, 212 N.E.2d 29. Courts have ruled that the lessees have not proceeded diligently when the production ceases for two years or more. *Id.* The Appellate Court affirmed a termination of a lease where the well had not produced for six years, operations had not been maintained and shut-in royalties had not

been paid per the terms of the lease. *Moore v. Adams*, 2008-Ohio-5953, 177 Oil & Gas Rep. 170 (5th Dist.).

The Defendant did not exercise reasonable diligence and good faith in the seven years the well was not producing in paying quantities. In the course of seven years, he changed the pump three times. The pump began working in April, 2018, which coincidentally was the same month and year this case was filed. In addition, he did not pay the lessors $50.00 per year during the years the well was not producing. Paying the electric and insurance on the well is not sufficient to show reasonable diligence and good faith in attempting to resume production of the well where it was not producing for such a significant amount of time.

The lease agreement expired under its own terms due to lack of production of oil and gas in paying quantities. The subject lease is void and no longer binding upon the Plaintiffs, the real estate, and any future owners of the real estate. A certified copy of this Order recorded of record shall act as a release of the Lease Agreement filed in Volume 110, page 756 of the Perry County Lease Records covering 47.5 acres.

**{¶4}** The trial court then made the following order:

Further, the Defendant is Ordered to remove and plug the oil and gas well associated with this Lease Agreement and remove any associated lines on the Plaintiffs' property.

**{¶5}** Appellant now appeals, assigning the following sole error for review:

ASSIGNMENT OF ERROR

{¶6}　"I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT THE OPERATOR PLUG THE SUBJECT OIL AND GAS WELL AS THAT AUTHORITY RESTS SOLELY WITHIN THE EXCLUSIVE JURISDICTION OF THE CHIEF OF THE DIVISION OF OIL AND GAS RESOURCES MANAGEMENT OF OHIO DEPARTMENT OF NATURAL RESOURCES."

I.

{¶7}　Appellant, in its sole assignment of error, argues that the trial court did not have jurisdiction to order that it plug the well.  We agree.

{¶8}　We review the issue of subject-matter jurisdiction de novo. *State ex rel. Post v. Speck,* 185 Ohio App.3d 828, 2010–Ohio–105, 925 N.E.2d 1042, ¶ 10 (3d Dist.).

{¶9}　This Court previously addressed this issue in *Helms v. Whitney*, Fifth Dist. Holmes App. No. 13CA014, 2014-Ohio-2413, wherein we held:

> R.C. 1509.02 states, in relevant part, as follows: "There is hereby created in the department of natural resources the division of oil and gas resources management, which shall be administered by the chief of the division of oil and gas resources management. The division has sole and exclusive authority to regulate the permitting, location, and spacing of oil and gas wells and production operations within the state, ..." As noted by the court in *State, ex rel. Morrison v. Beck Energy Corp.,* 9th Dist. Summit No. 2593, 2013–Ohio356, "R.C. Chapter 1509 thus provides a comprehensive regulatory scheme for oil and gas wells operations in the state." *Id* at paragraph 17.

R.C. 1509.062, which is cited by the trial court, states, in relevant part, as follows: "(A)(1) The owner of a well that has not been completed, a well that has not produced within one year after completion, an existing well that is not a horizontal well and that has no reported production for two consecutive reporting periods as reported in accordance with section 1509.11 of the Revised Code, or an existing horizontal well that has no reported production for eight consecutive reporting periods as reported in accordance with section 1509.11 of the Revised Code shall plug the well in accordance with section 1509.12 of the Revised Code, obtain temporary inactive well status for the well in accordance with this section, or perform another activity regarding the well that is approved by the chief of the division of oil and gas resources management." (Emphasis added). In turn, R.C. 1509.12 provides, in relevant part, as follows: "(B) When *the chief* finds that a well should be plugged, *the chief* shall notify the owner to that effect by order in writing and shall specify in the order a reasonable time within which to comply. No owner shall fail or refuse to plug a well within the time specified in the order. Each day on which such a well remains unplugged thereafter constitutes a separate offense." (Emphasis added).

Moreover, R.C. 1509.13(A) states that a person plugging and abandoning a well must have a permit to do so issued by the chief.

When the meaning of the statute is "clear and unambiguous," the statute is to be applied "as written." *Boley v. Goodyear Tire & Rubber Co.,* 125 Ohio St.3d 510, 2010–Ohio–2550, 929 N.E.2d 448, ¶ 20. As noted by

appellants, the above statutes clearly and unambiguously "position the Chief as the sole initial decider of all issues related to the plugging of Ohio wells." We find, therefore, that the trial court did not have jurisdiction to order the well plugged.

**{¶10}** Based on the foregoing and a review of R.C. §1509.13, §1509.12 and §1509.062, we find the trial court in this matter was without jurisdiction to order the well plugged.

**{¶11}** Appellant's sole assignment of error is sustained.

**{¶12}** Accordingly, the portion of the trial court's February 5, 2019, Judgment Entry ordering Appellant to plug the well is hereby reversed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 1022