[Cite as *State v. Thompson*, 2021-Ohio-642.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 9-20-19

v.

DARIUS REGINALD THOMPSON,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 2011 CR 490

Judgment Reversed, Cause Remanded

Date of Decision: March 8, 2021

APPEARANCES:

    *Dustin J. Redmond, Jr.* for Appellant

    *Nathan R. Heiser* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Darius R. Thompson ("Thompson") appeals the judgment of the Marion County Court of Common Pleas, alleging that the trial court did not have jurisdiction to resentence him over six years after he had completed his term of community control. For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} This case is about whether the trial court had jurisdiction to resentence Thompson after his term of community control had been completed and terminated. On September 1, 2011, the State issued a four count indictment filed in Trial Case #11-CR-490, alleging that Thompson had committed violations of R.C. 2925.03(A)(2), R.C. 2907.322(A)(1), R.C. 2907.322(A)(5), R.C. 2907.323(A)(1), and R.C. 2907.323(A)(3). Doc. 1. On December 20, 2011, Thompson pled guilty to violations of R.C. 2925.03(A)(2), R.C. 2907.322(A)(5), and R.C. 2907.323(A)(3). Doc. 21.

{¶3} On February 16, 2012, the trial court ordered Thompson to serve a two year sentence on community control in Trial Case #11-CR-490. Doc. 21. He began serving his community control sentence on March 5, 2012. Doc. 24. Two years later, after Thompson had completed his sentence, the trial court issued a judgment entry on March 13, 2014 that released Thompson from community control. Doc. 24. This judgment entry declared that Thompson was "released from Community

-2-

Control in the above entitled case wholly, fully, and completely forthwith." Doc. 24. The trial court further ordered that Thompson "be restored to all rights of citizenship * * *." Doc. 24.

{¶4} Subsequently, Thompson was imprisoned for a different offense in another case. Doc. 27. Tr. 9. After his release in 2019, the trial court discovered that it had failed to notify Thompson that he was required to register pursuant to R.C. 2950.01, *et seq.*, for the charges associated with Trial Case #11-CR-490. Doc. 27. The trial court failed to order Thompson to comply with this requirement during the course of Trial Case #11-CR-490. Doc. 21, 24. In fact, the trial court made no mention of this requirement in its February 16, 2012 sentencing entry or in its March 13, 2014 judgment entry that terminated Thompson's term of community control. Doc. 21, 24. *See* Doc. 27.

{¶5} On February 6, 2020, the trial court sua sponte ordered Thompson to appear for a hearing in Trial Case #11-CR-490 on March 12, 2020. Doc. 25. At this hearing, the trial court requested that the parties submit briefs on the issue of whether it had jurisdiction to resentence Thompson in Trial Case #11-CR-490 and impose the requirements of R.C. 2950.01, *et seq.* Doc. 27. The State then filed a brief that argued the trial court did not have jurisdiction to resentence Thompson. Doc. 27. The State noted that

> **[t]here is no indication that the Defendant was notified of his registration requirement and it is not included on the Judgment Entry of Sentencing. On March 13, 2014 the Defendant was**

> **released from Community Control Sanctions and this matter was closed.**

Doc. 27. The State, agreeing with the arguments of the Defense, concluded that Thompson's sentence could not be changed to impose the requirements of R.C. 2950.01, *et seq*. Doc. 27.

{¶6} Nonetheless, on May 4, 2020, the trial court held a resentencing hearing for Thompson. Doc. 30. The following exchange occurred at this resentencing hearing:

> **[Trial court]: That's my understanding of how this matter came to the attention of the Marion authorities is upon his release he was advised [of the requirements of R.C. 2950.01, *et seq*.] and I think that was news to Mr. Thompson.**
>
> **[Thompson]: Yeah, I didn't—I had never heard that before, ever.**
>
> **[Trial court]: Right. And I tend to believe that, sir. That there's nothing in the file to show that you were advised of this obligation and so I imagine years later when you were released from prison on some totally separate matter, when they advised you that you needed to do this, it was shocking to you.**

Tr. 9. The trial court stated its intention to order Thompson to follow the applicable requirements and then notified him of the relevant conditions. Tr. 9-11, 18-21.

{¶7} After this limited resentencing hearing, the trial court issued a judgment entry on May 15, 2020 that included the following statement:

> **Based upon the record, the original sentencing judge did not inform [Thompson] of his registration obligations. [Another] Former Judge * * * also addressed this case and also failed to address this issue.**

-4-

Doc. 30. The trial court concluded this judgment entry by ordering Thompson to register in compliance with R.C. 2950.01, *et seq.* Doc. 30.

## Assignment of Error

{¶8} The appellant filed his notice of appeal on June 11, 2020. Doc. 31. On appeal, Thompson raises the following assignment of error:

> **The trial court erred when it ordered the defendant to register as a Tier II Sex Offender six years after his sentence terminated.**

Thompson argues that the trial court did not have jurisdiction to impose the requirements of R.C. 2950.01, *et seq.*, after his sentence had been completely served and terminated. *See* Doc. 30.

## Legal Standard

{¶9} "Jurisdiction is a prerequisite to a valid judgment." *State ex rel. Post v. Speck*, 185 Ohio App.3d 828, 2010-Ohio-105, 925 N.E.2d 1042, ¶ 10 (3d Dist.). Appellate courts apply a de novo standard of review when determining whether a trial court had jurisdiction to render a decision. *State v. Stuber*, 3d Dist. Allen No. 1-17-38, 2018-Ohio-2809, ¶ 13. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 2013-Ohio-647, 986 N.E.2d 1128, ¶ 27 (3d Dist.).

## Legal Analysis

{¶10} In *State v. Holdcroft*, the Ohio Supreme Court "consider[ed] when a trial court has the authority to correct a sentence." *State v. Holdcroft*, 137 Ohio

St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 1, *reversed in part by State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 43. *See State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.2d 608, ¶ 12 (acknowledging the reversal of *Holdcroft*). The trial court had "fail[ed] to properly impose statutorily mandated postrelease control as part of [the] defendant's sentence * * *." *Holdcroft* at ¶ 7. After the defendant had completed the prison term for the offense that carried this postrelease control sanction, the trial court held a resentencing hearing "to correct its errors related to postrelease control." *Id*. at ¶ 3.

{¶11} In *Holdcroft*, the Ohio Supreme Court announced three guiding principles for its determination:

> **First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant's expectation in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified.**

*Holdcroft* at ¶ 18. In other words, after sentencing, "either the defendant or the state may challenge any aspect of a sentence so long as a timely appeal is filed." *Id*. After "the time for filing an appeal has run, Ohio courts are limited to correcting a void sanction," even though other challenges to the sentence may be barred by res judicata. *Id*. But after "the prison-sanction portion of a sentence for a crime has been fully served," a trial court has no authority to "further modify[] the sentence for that crime in any way." *Id*.

{¶12} Importantly, the Ohio Supreme Court based its second and third principles on different foundations. The

> **sanction-correction rule is based on principles of res judicata— while a void sanction may be modified, a valid sanction generally cannot. [*State v.*] *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 17 [(*reversed by Harper, supra*)]. But once a valid prison sanction has been served, it is no longer res judicata that acts as a bar to modification; rather, the court has lost *jurisdiction* to modify the sentence.**

(Emphasis sic.) *Holdcroft* at ¶ 14. The Ohio Supreme Court then concluded that

> **[n]either this court's jurisprudence nor Ohio's criminal-sentencing statutes allow a trial court to resentence a defendant for an offense when the defendant has already completed the prison sanction for that offense. It is irrelevant whether the defendant is still in prison for other offenses.**

*Id*. at ¶ 19. Since the trial court had resentenced the defendant after he had completed the relevant prison sentence, the Ohio Supreme Court ordered the trial court "to vacate the imposition of postrelease control * * *." *Id*.

{¶13} In *State v. Harper*, the Ohio Supreme Court "realigned [its] jurisprudence with the traditional understanding of void and voidable sentences." *Harper*, *supra*, at ¶ 43. Previously,

> **[i]n cases in which the trial court inadvertently failed to properly impose postrelease control in the sentence, [the Supreme Court] provided a remedy by holding that the failure rendered the sentence—or part of the sentence—void and subject to correction at any time before the expiration of the original sentence.**

*Id*. at ¶ 2. The Supreme Court then returned to the traditional rule governing void and voidable sentences:

> **[A] void judgment is one entered by a court lacking subject-matter jurisdiction over the case or personal jurisdiction over the parties.** *See Harper*, **160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 4;** *State v. Perry*, **10 Ohio St.2d 175, 178, 226 N.E.2d 104 (1967);** *Ex parte Shaw*, **7 Ohio St. 81, 82 (1857);** *Sheldon's Lessee v. Newton*, **3 Ohio St. 494, 499 (1854). When a case is within a court's subject-matter jurisdiction and the parties are properly before the court, any error in the exercise of its jurisdiction renders the court's judgment voidable, not void.** *Harper* **at ¶ 26;** *Pratts v. Hurley*, **102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12. In general, a voidable judgment may be set aside only if successfully challenged on direct appeal.** *Harper* **at ¶ 26.**

*Hudson*, *supra*, ¶ 11. Thus, in *Harper*, the Ohio Supreme Court overturned the foundations of the second principle announced in *Holdcroft*: "when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified * * *." *Holdcroft, supra*, at ¶ 18. This second principle did not survive the Ohio Supreme Court's decision in *Harper*. *Harper, supra*, at ¶ 4. *See Hudson, supra*, at ¶ 12.

{¶14} However, after reviewing *Harper* and its progeny, we conclude that this line of cases has not altered the foundations of the third principle announced in *Holdcroft*: once a defendant has completed his or her sentence, a trial court does not have jurisdiction to resentence that defendant. *Holdcroft, supra*, at ¶ 14, 18. *Harper* affected the ability of trial courts to resentence a defendant *before* his or her sentence has been completed. *Harper, supra*, at ¶ 42-43. But *Harper* does not appear to affect the jurisdictional limitations on a trial court's ability to resentence a defendant

*after* his or her sentence has been completed. *See State v. Ingels*, 1st Dist. Hamilton Nos. C-180469, C-180470, C-180471, 2020-Ohio-4367, ¶ 10.

{¶15} Further, we also note that the third principle in *Holdcroft* is consistent with the reasons that the Ohio Supreme Court gave for overturning the second principle in *Holdcroft*. In *State v. Henderson*, the Ohio Supreme Court stated that the reason for the jurisprudential realignment in *Harper* was to "restore predictability and finality to trial-court judgments and criminal sentences." *State v. Henderson*, 2020-Ohio-4784, --- N.E.3d ---, ¶ 33. The third principle recognizes a jurisdictional limitation on the ability of a trial court to resentence a defendant after a sentence has been completed. This limitation protects the "predictability and finality" of "trial-court judgments and criminal sentences." *Id*. For these reasons, we will follow the third principle from *Holdcroft*.

{¶16} Turning to the facts of the case before this Court, the trial court held a sua sponte resentencing hearing over six years *after* the trial court had released Thompson "wholly, fully, and completely" from his community control sanction. Doc. 24, 27. While *Holdcroft* and *Harper* address the issue of postrelease control, the third principle of *Holdcroft* has been applied in the context of the registration requirements of R.C. 2950.01, *et seq*. *State v. Rucker*, 1st Dist. Hamilton No. C-180606, 2019-Ohio-4490, ¶ 18; *State v. Spicer*, 5th Dist. Perry No. 2021-Ohio-386, ¶ 9, 18; *State v. Metcalf*, 2016-Ohio-4923, 68 N.E.3d 371, ¶ 19 (12th Dist.); *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915, ¶ 31-33 (12th Dist.). Since Thompson

had completed his sentence in full, the trial court lacked jurisdiction to resentence him. *Holdcroft*, *supra*, at ¶ 14, 18-19. *See State v. Hilliard*, 5th Richland No. 15CA16, 2015-Ohio-5324, ¶ 42. As such, his sole assignment of error is sustained.

*Conclusion*

{¶17} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is reversed. Further, the judgment entry resentencing Thompson must be vacated. This cause of action is remanded to the trial court for further proceedings consistent with this decision.

*Judgment Reversed,*
*And Cause Remanded*

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**