OPINION
{¶ 1} Plaintiff-appellant, Joseph A. Ridgeway, M.D., appeals from a judgment of the Franklin County Court of Common Pleas dismissing his actions against defendant-appellee, the State Medical Board of Ohio ("Board"). For the following reasons, we affirm.
 {¶ 2} In an October 8, 2005 letter, Dr. Edna Jones informed Dr. Ridgeway and the Board that, in her opinion, Dr. Ridgeway suffered from alcoholism. Additionally, Dr. Jones stated that Dr. Ridgeway met "criteria for statutory impairment based upon [her] understanding of The State Medical Board rules and The Ohio Revised Code." In response to the letter, Dr. Ridgeway filed a complaint against the Board seeking injunctive *Page 2 
and declaratory relief. Essentially, Dr. Ridgeway wanted the trial court to prevent the Board from summarily suspending his medical license based upon Dr. Jones' opinion.
 {¶ 3} The trial court denied Dr. Ridgeway a temporary restraining order. Thereafter, the Board acted upon the information contained in Dr. Jones' letter. Finding that the letter constituted clear and convincing evidence of Dr. Ridgeway's impairment and of his danger to the public, the Board entered an order of summary suspension on November 9, 2005.
 {¶ 4} Dr. Ridgeway appealed the Board's November 9, 2005 order to the trial court. Simultaneously, Dr. Ridgeway requested an administrative hearing on the matter. In the trial court, the Board moved to consolidate Dr. Ridgeway's injunctive and declaratory relief action with the later-filed appeal. The trial court granted that motion.
 {¶ 5} Meanwhile, Dr. Ridgeway argued in the administrative hearing that no disciplinary action against his license was warranted. Despite Dr. Ridgeway's arguments, the Board issued a final administrative order on February 8, 2006 that, in part, required Dr. Ridgeway to obtain alcohol treatment and suspended Dr. Ridgeway's medical license for three months.
 {¶ 6} On March 20, 2006, Dr. Ridgeway appealed the Board's February 8, 2006 final administrative order to the trial court. At that point, Dr. Ridgeway was the plaintiff or appellant in three actions before the trial court: the consolidated actions (the declaratory/injunctive relief action and the appeal from the summary suspension) and the appeal from the February 8, 2006 final administrative order.
 {¶ 7} The Board notified the trial judge assigned to the consolidated actions of the appeal of the February 8, 2006 final administrative order. Additionally, the Board *Page 3 
asserted that Dr. Ridgeway's appeal of the February 8, 2006 final administrative order made the consolidated actions moot. The trial court agreed, and on November 1, 2006, it issued a decision and judgment entry dismissing the consolidated actions.[1] Dr. Ridgeway now appeals from the November 1, 2006 decision and judgment entry.
 {¶ 8} On appeal, Dr. Ridgeway assigns the following errors:
 [1.] The trial court abused its discretion in determining that the summary suspension was supported by the statute.
 [2.] The trial court abused its discretion in granting defendant's motion to dismiss when the record presents genuine issues of material fact that demand resolution by the trier of fact.
 [3.] The trial court erred by failing to allow plaintiff due process of law with regard to the presentation of evidence in support of the claims for declaratory judgment/injunctive relief and appeal of the summary suspension.
 [4.] The trial court erred and abused its discretion by denying plaintiff the due process right of the opportunity to be heard at a meaningful time and in a meaningful manner.
 [5.] The trial court abused its discretion by failing to recognize defendant's involvement as potential conflict of interest or tortuous interference with the plaintiffs relationship with a board-approved ("defendant-approved") treatment provider and its staff, including a material witness.
 [6.] The trial court erred in failing to treat the consolidated case(s) at bar (appeals of summary suspension and declaratory judgment action with injunctive relief — 05CV12906 and 05CV11563 respectively) as separate and distinct from the "unconsolidated" later appeal of the final board order (06CV-3795).
 [7.] The trial court erred by dismissing the appeal of the summary suspension on the basis of mootness. *Page 4 
 [8.] The trial court abused its discretion by failing to consider an irreparable injury due to the inadequate remedy at law when denying injunctive relief.
 {¶ 9} As an initial matter, we note that Dr. Ridgeway failed to separately argue each of his assignments of error as required by App.R. 16(A)(7). Pursuant to App.R. 12(A)(2), this court may disregard an assignment of error presented for review if the party raising it fails to argue the assignment separately in his brief. Wells v. Michael, Franklin App. No. 05AP-1353, 2006-Ohio-5871, ¶ 18. Nevertheless, in the interest of justice, we will address Dr. Ridgeway's arguments to the extent that we can align them with the pertinent assignment of error.
 {¶ 10} We begin our analysis with Dr. Ridgeway's seventh assignment of error, by which he argues that his consolidated actions are not moot. We disagree.
 {¶ 11} Actions are moot when ? `they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.'" Lingo v. Ohio Cent. RR., Inc., Franklin App. No. 05AP-206,2006-Ohio-2268, at ¶ 20, quoting Grove City v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, at ¶ 11. See, also, Robinson v. Indus.Commn., Franklin App. No. 04AP-1010, 2005-Ohio-2290, at ¶ 6 (holding that an action is moot "when a litigant receives the relief sought before the completion of the lawsuit * * * "). Ohio courts have long recognized that a court should not entertain jurisdiction over cases that are not actual controversies. Tschantz v. Ferguson (1991),57 Ohio St.3d 131, 133; State ex rel. Eliza Jennings, Inc. v. Noble (1990),49 Ohio St.3d 71, 74. If, while an action is pending, an event occurs that renders it impossible for a court to grant any effectual relief, the court will generally dismiss the action. Tschantz, supra, quotingMiner v. Witt (1910), 82 Ohio St. 237, syllabus. *Page 5 
 {¶ 12} In the consolidated actions, Dr. Ridgeway contests the Board's right to summarily suspend his medical license and seeks a reversal of the summary suspension. According to R.C. 4731.22(G), "[a]ny summary suspension * * * shall remain in effect * * * until a final adjudicative order issued by the board pursuant to this section and Chapter 119 of the Revised Code becomes effective." Here, the Board issued a final adjudicative order on February 8, 2006. Consequently, Dr. Ridgeway's license is no longer under summary suspension and his attempts to contest the summary suspension are moot. See Vogelsong v. Ohio State Bd.of Pharmacy (1997), 123 Ohio App.3d 260, 267 (under a similar statutory scheme, a final adjudication mooted a pharmacist's challenge to the summary suspension of his license); Angerman v. State Med. of Ohio (Feb. 27, 1990), Franklin App. No. 89AP-896 (the Board's final adjudicative order rendered the appeal of a physician's summary suspension moot).
 {¶ 13} Dr. Ridgeway asserts that he presents this court with an issue capable of repetition yet evading review, and on that basis, he argues that this court should except the consolidated actions from the mootness doctrine. Although an action may be moot, a court may still resolve it if: "(1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." State ex rel. Calvary v. UpperArlington, 89 Ohio St.3d 229, 231, 2000-Ohio-142. At best, Dr. Ridgeway has demonstrated only that a summary suspension does not exist long enough for a trial court to review it. He has not come forth with any evidence establishing that he expects the Board to issue a summary suspension against his license again. *Page 6 
Accordingly, because we conclude that Dr. Ridgeway's consolidated actions are moot, we overrule his seventh assignment of error.
 {¶ 14} Our resolution of Dr. Ridgeway's seventh assignment of error renders review of his other assignments of error unnecessary. Therefore, we overrule the remainder of Dr. Ridgeway's assignments of error as moot.
 {¶ 15} For the foregoing reasons, we overrule Dr. Ridgeway's seventh assignment of error, and we overrule his first, second, third, fourth, fifth, sixth, and eighth assignments of error as moot. Further, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER, P.J., and FRENCH, J., concur.
[1] This dismissal had no effect on Dr. Ridgeway's appeal of the February 8, 2006 final administrative order, which another trial judge separately considered. *Page 1