[Cite as *State v. Crawford*, 2020-Ohio-4897.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :          APPEAL NO. C-190497
                                              TRIAL NO. B-0609524
    Plaintiff-Appellee,          :

    vs.                          :          *O P I N I O N.*

DAVID CRAWFORD,                   :

    Defendant-Appellant.         :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:   October 14, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*David Crawford*, pro se.

**CROUSE, Judge.**

{¶1} Defendant-appellant David Crawford presents on appeal a single assignment of error challenging the Hamilton County Common Pleas Court's judgment overruling his "Motion for Resentencing Based on Void and Nonfinal Appealable Order." We sustain the assignment of error in part, affirm in part and reverse in part the court's judgment overruling the motion, and we remand for correction of clerical errors in the judgment of conviction.

*Procedural Posture*

{¶2} In 2007, Crawford was convicted upon jury verdicts finding him guilty of aggravated murder, murder, and tampering with evidence. The trial court imposed concurrent prison terms of life with parole eligibility after 20 years for aggravated murder and 15 years to life for murder, along with a three-year prison term for a firearm specification accompanying each offense. The court also imposed a consecutive five-year prison term for tampering with evidence and a discretionary period of postrelease control of up to three years. And Crawford was ordered to pay court costs. We affirmed those convictions in the direct appeal. *See State v. Crawford*, 1st Dist. Hamilton No. C-070816, 2008-Ohio-5764, *appeal not accepted*, 122 Ohio St.3d 1454, 2009-Ohio-3131, 908 N.E.2d 945.

{¶3} In 2009, we reopened the direct appeal. Upon our determination that the aggravated-murder and murder charges were allied offenses subject to merger under R.C. 2941.25, we remanded for sentencing on only one of those offenses. *State v. Crawford*, 1st Dist. Hamilton No. C-070816 (Nov. 4, 2009). Pursuant to that mandate, the trial court, in 2010, held a resentencing hearing and entered a

judgment of conviction stating that Crawford was convicted of aggravated murder and tampering. Crawford did not appeal that judgment.

{¶4} The 2010 judgment of conviction did not order costs. Nevertheless, Crawford filed in 2013 a "Motion to Vacate Unlawfully Imposed Court Cost." The trial court overruled that motion and, in 2014, entered a third judgment of conviction, nunc pro tunc to the 2010 resentencing hearing, that included an order of costs. Crawford did not appeal that judgment.

{¶5} In 2019, Crawford filed with the common pleas court his "Motion for Resentencing Based on Void and Nonfinal Appealable Order." He sought resentencing and the entry of a final appealable order on the ground that the original and successive judgments of conviction were void, because they imposed an "improper[]" prison term for aggravated murder and an incorrect period of postrelease control, incorrectly stated that he had been convicted upon guilty pleas, and reimposed court costs without holding a hearing. The common pleas court overruled the motion. This appeal followed.

*Not Void*

{¶6} A court has jurisdiction to correct at any time a judgment that is void. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. Until the Ohio Supreme Court's May 2020 decision in *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, the imposition of a sentence contrary to statutory mandates, including those concerning postrelease control, rendered that sentence void and subject to review and correction at any time before completion of the journalized sentence. *See id.* at ¶ 27-40, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E. 2d 864, and *State v. Beasley*, 14 Ohio St.3d 74, 75, 471

3

N.E.2d 774 (1984). The Supreme Court in *Harper* "realign[ed]" its void-versus-voidable jurisprudence with "the traditional understanding of what constitutes a void judgment," to hold that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction * * * renders the court's judgment voidable," not void. *Id.* at ¶ 4-5 and 27-43 (overruling *Beasley* and *Jordan* and its progeny). *See State v. Henderson*, Slip Opinion No. 2020-Ohio-4784, ¶ 40 (following *Harper* to hold that the trial court erred in granting the state's postconviction motion for resentencing, because an unlawful sentence is voidable, not void).

{¶7} "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Id.* at ¶ 23. Article IV, Section 4(B), of the Ohio Constitution and R.C. 2931.03 confer upon a common pleas court subject-matter jurisdiction over felony cases. And a court has jurisdiction over a person appearing before it under a valid indictment. *See Stacy v. Van Coren*, 18 Ohio St.2d 188, 189, 248 N.E.2d 603 (1969); *Page v. Green*, 174 Ohio St. 178, 178-179, 187 N.E.2d 592 (1963).

{¶8} Crawford appeared before the trial court under indictment for the special felonies of aggravated murder and murder and third-degree-felony tampering with evidence. The trial court acted within its subject-matter jurisdiction in sentencing him for those offenses. Consequently, any error in imposing those sentences rendered the sentences voidable, not void. Therefore, the common pleas court could not have exercised its jurisdiction to correct a void sentence by holding a new sentencing hearing to correct the mistakes listed by Crawford in his "Motion for Resentencing Based on Void and Nonfinal Appealable Order."

*No Resentencing under Postconviction Statutes or Rules*

**{¶9}** Nor could the common pleas court have resentenced Crawford pursuant to any postconviction procedure provided by statute or rule. Crawford did not specify in his motion a statute or rule under which the relief sought may have been afforded. Thus, the court was left to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

But Crawford's motion was not reviewable by the common pleas court under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, because the motion did not seek relief from his convictions based on a constitutional violation. *See State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993) (citing R.C. 2953.21(A)(1) to hold that "the violation upon which [a postconviction] petitioner relies to establish his right to relief must be of constitutional dimension, and it must have occurred at the time the petitioner was tried and convicted of a criminal offense"). Nor was the motion reviewable as a motion to withdraw a guilty or no-contest plea under Crim.R. 32.1 or as a motion for a new trial under Crim.R. 33, because Crawford was not convicted upon guilty or no-contest pleas, but following a jury trial, and the motion did not seek a new trial. The motion was not reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, because the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court

to entertain the motion under Civ.R. 60(B), because Crawford's sentences were reviewable under the procedures provided for a direct appeal.

{¶10} Accordingly, we hold that the common pleas court had no jurisdiction to grant relief in the form of resentencing upon the grounds presented in the motion.

*Authority to Correct Clerical Errors*

{¶11} While Crawford is not eligible to be resentenced, we hold that mistakes in the 2010 judgment of conviction that were then carried into the superseding judgment of conviction entered in 2014 were subject to correction under Crim.R. 36.

{¶12} The original judgment of conviction, entered in 2007, correctly stated that Crawford had been found guilty by a jury. The judgment also correctly imposed for aggravated murder the prison term then mandated by R.C. 2929.03(A)(1)(b): "life * * * with eligibility for parole after twenty (20) years."[1] The judgment also included the postrelease-control period of "up to three years" authorized under R.C. 2967.28(C) for his third-degree-felony tampering offense. And the judgment ordered him to pay court costs. The 2007 judgment of conviction was initially affirmed on direct appeal.

{¶13} The 2010 judgment of conviction followed our decision in the reopened appeal. In that decision, we held that the allied-offenses statute required the trial court "to impose only one sentence for the offenses of aggravated murder and murder." Accordingly, we "reversed" "that part of the * * * judgment imposing separate sentences" and "remanded for resentencing consistent with the law and [our decision in the reopened appeal]."

---

[1] On appeal, Crawford contends that in 2007, "the trial court improperly imposed a sentence of "life with parole eligibility after 20 years" for aggravated murder. As stated above, that was a correct sentence. Nevertheless, Crawford was resentenced for aggravated murder in 2010, and he does not claim that his sentence in the 2010 judgment entry was incorrect.

{¶14} In the 2010 judgment of conviction entered on remand, the trial court "merged" murder with aggravated murder and imposed for aggravated murder a prison term of "20 years to life." The court mistakenly indicated in the 2010 judgment of conviction that Crawford had been convicted upon guilty pleas to the offenses. The court also omitted from the judgment the 2007 order of costs. And instead of the discretionary three-year period of postrelease control imposed in 2007, the 2010 judgment of conviction imposed a five-year period of postrelease control that was not authorized for either the unclassified felony of aggravated murder, *see State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36, or the third-degree felony of tampering with evidence. *See* R.C. 2968.28(C).

{¶15} The 2010 judgment of conviction was subsequently superseded by the judgment of conviction filed in 2014, after Crawford had moved to vacate the 2007 order of costs. The 2014 judgment was entered nunc pro tunc to 2010, with the stated purpose of "correcti[ng]" the 2010 judgment by adding an order of costs. The 2014 judgment otherwise carried forward the mistakes contained in the 2010 judgment.

{¶16} Crim.R. 36 authorizes a court to "correct[] * * * at any time" "clerical mistakes in judgments." That rule permitted the common pleas court to correct clerical errors in the 2014 judgment of conviction that Crawford complained of in his 2019 motion.

{¶17} As a preliminary matter, we note that the record before us does not include a transcript of the sentencing proceedings on remand that resulted in the 2010 judgment of conviction. Thus, we are constrained to presume the regularity of

those proceedings. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶18} *Court costs.* In crafting the 2010 judgment of conviction on remand from our decision in the reopened appeal, the trial court was limited to imposing a sentence for either aggravated murder or murder. In the absence of a transcript of the proceedings resulting in the 2010 judgment, we are constrained to presume that the trial court did not intend to exceed the mandate of our decision in the reopened appeal by omitting from the 2010 judgment of conviction the costs order imposed in the original judgment of conviction. Moreover, the 2014 judgment of conviction, which restored the costs order, was prompted by Crawford's 2013 motion challenging the original costs order. The trial court overruled that motion upon its express finding that "court costs were imposed" at the 2010 resentencing hearing.

{¶19} Thus, the record demonstrates that the original costs order was inadvertently omitted from the 2010 judgment of conviction. Accordingly, we hold that the trial court, in the 2014 judgment of conviction, properly exercised its authority under Crim.R. 36 to correct that clerical mistake.

{¶20} *Postrelease control.* The 2010 judgment of conviction imposed a mandatory five-year period of postrelease control, instead of the discretionary three-year term imposed in the 2007 judgment of conviction. As we noted, postrelease control was not authorized for aggravated murder, and the discretionary three-year postrelease-control term imposed in the original judgment of conviction was required for the tampering charge. In the absence of a transcript of the proceedings resulting in the 2010 judgment, we are constrained to presume that the trial court

did not intend to exceed the mandate of our decision in the reopened appeal by substituting the unauthorized mandatory five-year postrelease-control period for the authorized discretionary three-year period.

{¶21} In the absence of some suggestion in the record to the contrary, the trial court is presumed to have proceeded lawfully. Accordingly, we presume that the substitution in the 2010 judgment of conviction of an unauthorized period of postrelease control for the statutorily mandated period was inadvertent. Thus, it was the consequence of a clerical mistake that the common pleas court was authorized to correct under Crim.R. 36.

{¶22} *Misstatement concerning guilty pleas.* Finally, the 2010 judgment of conviction mistakenly indicated that Crawford had been found guilty upon guilty pleas, when the original judgment of conviction properly indicated that he had been found guilty by a jury. This misstatement was then carried into the 2014 judgment of conviction. There is no dispute that Crawford was convicted by a jury and not upon guilty pleas. Therefore, Crim.R. 36 authorized the common pleas court to correct this obvious clerical mistake.

*Affirmed in Part, Reversed in Part, and Remanded to Correct Judgment of Conviction*

{¶23} The common pleas court had no jurisdiction to resentence Crawford on the grounds advanced in his "Motion for Resentencing Based on Void and Nonfinal Appealable Order." We, therefore, affirm in part the court's judgment overruling the motion.

Crim.R. 36 authorized the correction, in the 2014 judgment of conviction, of the clerical mistake concerning the order of court costs. The clerical mistakes in that judgment, in imposing an incorrect period of postrelease control and incorrectly

stating that Crawford had been convicted upon guilty pleas, were brought to the attention of the common pleas court by his 2019 "Motion for Resentencing Based on Void and Nonfinal Appealable Order." Crim.R. 36 authorized the court to correct those mistakes. Accordingly, we reverse in part the court's judgment overruling the motion. And we remand to the common pleas court with instructions to enter a judgment of conviction, nunc pro tunc to the 2010 resentencing, correcting those mistakes in accordance with the law and this opinion.

Judgment affirmed in part and reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **MYERS, J.,** concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.