[Cite as *State v. Jennings*, 2020-Ohio-5154.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-139 |
| | | (C.P.C. No. 16CR-1508) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Obet Jennings, Jr., | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 3, 2020

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Kimberly M. Bond,* for appellee.

**On brief:** *Timothy Young,* Ohio Public Defender, and *Carly M. Edelstein,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Obet Jennings, Jr., appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate post-release control and terminate supervision. For the following reasons, we affirm.

I. **Factual and Procedural Background**

{¶ 2} On May 9, 2016, Jennings pleaded guilty to one count of vandalism, a violation of R.C. 2909.05 and a fifth-degree felony. The trial court sentenced Jennings to a jointly recommended six months in prison "to possibly run concurrent with PRC sanction in Miami County, Ohio, case No. 2013CR-00011." (May 11, 2016 Entry at 1.) The trial court also notified Jennings "of the applicable period of 3 years optional post-release control

pursuant to R.C. 2929.19(B)(3)(c), (d) and (e)."  (Entry at 1.)  Jennings did not directly appeal.

{¶ 3}   In December 2017, Jennings filed a motion to vacate post-release control and terminate supervision. He asserted he had been released from prison and was being supervised under a post-release control sanction that was not properly imposed.  The trial court denied Jennings' motion to vacate.

{¶ 4}   Jennings timely appeals from the denial of his motion collaterally challenging the judgment of conviction.

## II.  Assignment of Error

{¶ 5}   Jennings assigns the following error for our review:

> The trial court erred as a matter of law when it denied Mr. Jennings' motion to vacate his improperly imposed postrelease control.

## III.  Discussion

{¶ 6}   Jennings' sole assignment of error alleges the trial court erred in denying his motion to vacate the imposed post-release control sanction.  This assignment of error lacks merit.

{¶ 7}   Jennings' post-conviction motion was barred by res judicata.  "[A]ny issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings."  *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, ¶ 37.  The res judicata doctrine does not, however, preclude a collateral challenge to a void judgment.  *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ¶ 18.  But the entry that Jennings collaterally challenged was not void.

{¶ 8}   In *Harper*, the Supreme Court of Ohio "reevaluate[d] the basic premise of [its] void-sentence jurisprudence" and clarified this unsettled area of law with the following guiding principle:  "A sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused."  *Harper* at ¶ 34, 42. *See also State v. Henderson*, ___ Ohio St.3d ___, 2020-Ohio-4784, ¶ 27 ("A sentence is void only if the sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused.").  Thus, when the sentencing court has jurisdiction to act,

sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Harper* at ¶ 42. Because the trial court had subject-matter jurisdiction in the case and personal jurisdiction over Jennings, any sentencing error committed by the trial court relating to the imposition of a post-release control sanction would have made the judgment voidable, not void. *Id.* at ¶ 43. And this alleged error could have been raised in a direct appeal. *Id.* Consequently, Jennings' motion to vacate was barred by res judicata.

{¶ 9} Because the trial court did not err in denying Jennings' motion to vacate, we overrule his sole assignment of error.

## IV. Disposition

{¶ 10} Having overruled Jennings' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BEATTY BLUNT, JJ., concur.