[Cite as *State v. Simpson*, 2020-Ohio-6840.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT


State of Ohio,                          :

     Plaintiff-Appellee,          :

                                              No. 19AP-866

v.                                      :       (C.P.C. No. 06CR-9351)

Corey D. Simpson,                       :       (REGULAR CALENDAR)

     Defendant-Appellant.         :

---

D E C I S I O N

Rendered on December 22, 2020

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *William T. Cramer*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendant-appellant, Corey D. Simpson, appeals from the judgment of the Franklin County Court of Common Pleas denying his motion. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 18, 2006, a Franklin County Grand Jury indicted appellant in a 14-count indictment originating out of 2 separate incidents. Appellant was charged with 3 counts of aggravated robbery in violation of R.C. 2911.01, felonies of the first degree, 6 counts of robbery in violation of R.C. 2911.02, felonies the second and third degree, 4 counts of kidnapping in violation of R.C. 2905.01, felonies of the first degree, and 1 count of having

a weapon under disability in violation of R.C. 2923.13, a felony of the third degree. The kidnapping and robbery charges all included firearm specifications.

{¶ 3} On May 21, 2007, appellant, represented by counsel, entered a guilty plea to two counts of aggravated robbery with a firearm specification, one count of kidnapping with a firearm specification, and one count of having a weapon under disability. The remaining ten counts were dismissed nolle prosequi. At the hearing, the trial court orally conveyed to appellant the potential terms of incarceration, maximum fines, and that he was subject to five years of mandatory post-release control with a three-year optional term of post-release control for the third-degree felony conviction. Appellant and counsel signed the entry noting appellant's guilty plea. The trial court requested a presentence investigation and set the matter for a sentencing hearing.

{¶ 4} On August 3, 2007, appellant filed, pro se, a "Motion/Request For Abeyance" seeking to suspend all proceedings so that he may file a motion to withdraw his guilty plea. On October 4, 2007, appellant filed a pro se motion to withdraw guilty plea arguing that trial counsel failed to show him certain evidence, provided incorrect information regarding his eligibility for judicial release, and misstated the sentencing recommendation of plaintiff-appellee, State of Ohio.

{¶ 5} The sentencing hearing took place on October 5, 2007. At the hearing, the trial court inquired into the claims alleged in appellant's pro se motions. Defense counsel stated he discussed several different sentencing possibilities with appellant but offered no guarantees as to the ultimate sentence or judicial release. Appellee denied discussing the purported sentencing figures and opposed allowing appellant to withdraw his guilty plea. The trial court ultimately denied appellant's motions and sentenced appellant to a 30-year prison term subject to 5 years of parole on release from prison.

{¶ 6} Appellant filed a timely appeal arguing his plea was invalid, he should have been allowed to withdraw his guilty plea, and trial counsel was ineffective. On May 22, 2008, we overruled appellant's three assignments of error and affirmed the judgment of the trial court. *State v. Simpson*, 10th Dist. No. 07AP-929, 2008-Ohio-2460. We then denied appellant's motion for reconsideration and motion to certify a conflict. *State v. Simpson*, 10th Dist. No. 07AP-929 (July 8, 2008) (memorandum decision). The Supreme

Court of Ohio declined to grant review. *Simpson*, 2008-Ohio-2460, *appeal not accepted*, 119 Ohio St.3d 1488, 2008-Ohio-5276.

{¶ 7} On March 29, 2016, appellant filed a motion to withdraw guilty plea arguing his trial counsel was ineffective. Appellant alleged counsel failed to interview witnesses, discuss the case with appellant, told appellant he would be found guilty and get more time if it went to trial, and failed to explain the nature of the guilty plea. The trial court denied appellant's motion on April 22, 2016. Appellant did not appeal.

{¶ 8} On July 17, 2019, appellant filed the pro se motion at issue. Appellee filed a memorandum in opposition on July 29, 2019. On September 12, 2019, the trial court addressed the motion and classified it as a successive post-sentence motion to withdraw guilty plea. The trial court concluded appellant's arguments were precluded under res judicata and denied the motion.

{¶ 9} Appellant filed a notice of appeal on October 25, 2019. On November 12, 2019, we determined the appeal was untimely, and it was dismissed for lack of jurisdiction. On December 20, 2019, appellant filed a motion for leave to file a delayed appeal, which we granted and appointed counsel to appellant.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Appellant assigns the following as trial court error:

> [1.] The trial court erred by mischaracterizing appellant's motion for resentencing as a motion to withdraw guilty pleas and thereby limiting its review.

> [2.] Appellant was entitled to a de novo resentencing because his original sentence was rendered void by the trial court's errors at sentencing.

## III. LEGAL ANALYSIS

### A. Appellant's Second Assignment of Error

{¶ 11} For ease of discussion, we will address appellant's assignments of error out of order. In his second assignment of error, appellant argues he was entitled to de novo resentencing alleging that his original sentence was rendered void by the trial court imposing multiple counts as a package and failing to advise appellant of potential penalties for violating post-release control. For the reasons that follow, we disagree.

{¶ 12} Until the Supreme Court's decision in *State v. Harper*, __ Ohio St.3d __, 2020-Ohio-2913 (slip opinion), the imposition of a sentence that conflicts with statutory

requirements, such as post-release control, could render the sentence void and subject to review at any point prior to the completion of the sentence. *State v. Crawford*, 1st Dist. No. C-190497, 2020-Ohio-4897, ¶ 6, citing *Harper* at ¶ 27-40, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, and *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984). The *Harper* court "reevaluate[d] the basic premise of [its] void-sentence jurisprudence" "with the traditional understanding of what constitutes a void judgment." *Harper* at ¶ 34, 4.

{¶ 13} The *Harper* court wrote "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. A judgment is voidable, not void, when the court has jurisdiction to act and may be successfully challenged on direct appeal. *Id.* at ¶ 26. If a voidable claim is challenged after a direct appeal, it is subject to res judicata. "In criminal cases res judicata generally bars a defendant from litigating claims in a proceeding subsequent to the direct appeal 'if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Davic*, 10th Dist. No. 18AP-569, 2019-Ohio-1320, ¶ 9, quoting *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92.

{¶ 14} Here, as in *Harper*, the trial court had subject-matter jurisdiction over the case and personal jurisdiction over appellant. Because appellant could have raised these arguments in his original motion to withdraw, the judgment is voidable, not void, and is barred under the doctrine of res judicata. *State v. Jennings*, 10th Dist. No.18AP-139, 2020-Ohio-5154, ¶ 8, citing *Harper* at ¶ 34, 42. Accordingly, we conclude the trial court did not err in finding appellant's motion was precluded under res judicata.

{¶ 15} Appellant argues the sentence is void based on the trial court's alleged failure to inform appellant of the potential penalties for violating post-release control. We disagree.

{¶ 16} In *Harper*, the Supreme Court determined the trial court's purported failure to provide notice of penalties associated with violating post-release control was voidable, not void, and must be brought as a direct appeal. The *Harper* court "overrule[d] [its] precedent to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void," concluding "noncompliance with requirements for imposing postrelease control is best remedied the

same way as other trial and sentencing errors—through timely objections at sentencing and an appeal of the sentence." *Id.* at ¶ 40; *see also State v. Hudson*, ___ Ohio St.3d ___, 2020-Ohio-3849 (slip opinion) (finding the trial court's failure to include notice of the consequences for violating post-release control rendered the sentence voidable, not void, and subject to res judicata). As such, since appellant could have raised the argument that the trial court failed to correctly impose post-release control on direct appeal, the issue is barred under the doctrine of res judicata.

{¶ 17} Similarly, appellant's claim the trial court impermissibly applied the sentence packaging doctrine is also precluded by res judicata. The realignment of the void/voidable case law in *Harper* broadly held that "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id.* at ¶ 26, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12, 21. In *State v. Henderson*, ___ Ohio St.3d ___, 2020-Ohio-4784 (slip opinion), the Supreme Court considered whether to pronounce a sentence void and permit the state to correct a sentencing error through a postconviction motion for resentencing. The *Henderson* court determined, in light of *Harper*, the state could not challenge the voidable sentence through a motion for resentencing, writing "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *Henderson* at ¶ 1. The *Henderson* court concluded since the sentencing error rendered the sentence voidable, the state's postconviction motion for resentencing to remedy the error was improper. Given the language of *Harper* and *Henderson*, we find appellant's argument the trial court impermissibly applied the sentencing package doctrine voidable error and barred by res judicata.

{¶ 18} Appellant next contends that "[a] sentencing package violation can be challenged at any time without regard to res judicata because it results in a void sentence," citing *State v. Hernandez-Torres*, 11th Dist. No. 2019-L-028, 2019-Ohio-5310, to support this proposition. (Appellant's Brief at 8.) We find appellant's argument unpersuasive as its supporting case law predates *Harper*.[1]

---

[1] We note that subsequent to *Harper*, the Eleventh District Court of Appeals considered whether a sentencing package violation constituted void or voidable error. *See State v. Hedges*, 11th Dist. No. 2019-L-135, 2020-Ohio-4528. In *Hedges*, the Eleventh District concluded, in light of *Harper*, that defendant's claim alleging

{¶ 19} This court has repeatedly cited *Harper* for the proposition that when a court has jurisdiction to act, sentencing errors would render the judgment voidable, not void, and subject to res judicata if raised after direct appeal. *Jennings*, 2020-Ohio-5154, at ¶ 8; *State v. Stewart*, 10th Dist. No. 19AP-458, 2020-Ohio-4709, fn. 4; *State v. Cockroft*, 10th Dist. No. 19AP-738, 2020-Ohio-4436, ¶ 10; *State v. Welch*, 10th Dist. No. 19AP-753, 2020-Ohio-5447, ¶ 16; *State v. Allen*, 10th Dist. No. 19AP-285, 2020-Ohio-5155, fn. 1. As such, we find appellant's contention that a sentencing package violation can be challenged at any time regardless of res judicata to be without merit.

{¶ 20} Finally, appellant argues *Harper* should not be applied as it was decided while the instant case was pending. We disagree. The Supreme Court in *Henderson*, as well as this court, has applied *Harper* to cases that were pending at the time it was decided. *See*, *e.g.*, *Henderson* at ¶ 40; *Stewart* at fn. 4; *Cockroft* at ¶ 10; *Jennings* at ¶ 8; *Welch* at ¶ 16; *Allen* at fn. 1. Moreover, the Supreme Court's critique of the prior line of void/voidable jurisprudence was clear. The *Harper* court wrote the previous void-sentence case law "runs counter to the doctrine of res judicata and disrupts the finality of judgments of conviction. * * * This public policy is reflected in the doctrine of res judicata, which 'promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.' " *Harper*, 2020-Ohio-2913, at ¶ 37, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. We see no merit to appellant's argument that *Harper* should not be applied. Accordingly, as appellant was provided a full and fair opportunity for review on direct appeal, we conclude appellant's arguments constitute voidable error and are precluded by res judicata.

{¶ 21} Based on the forgoing, we overrule appellant's second assignment of error.

## B. Appellant's First Assignment of Error

{¶ 22} In his first assignment of error, appellant argues the trial court erred by mischaracterizing his motion for resentencing as a motion to withdraw his guilty plea.

{¶ 23} Pursuant to App.R. 12(A)(1)(b) and (c), we shall "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs * * * [u]nless an assignment of

---

sentence packaging was voidable error, not void, barred under res judicata. *Hedges* at ¶ 11. The *Hedges* court wrote "[t]hough the error discussed in *Harper* concerned erroneously imposed post-release control, on the whole it represents a realignment with the traditional understanding of what constitutes a void judgment." *Hedges* at ¶ 11.

error is made moot by a ruling on another assignment of error." An action is rendered moot when it " ' "involve[s] no actual genuine, live controversy, the decision of which can definitely affect existing legal relations." ' " *Ridgeway v. State Med. Bd. of Ohio*, 10th Dist. No. 06AP-1197, 2007-Ohio-5657, ¶ 11, quoting *Lingo v. Ohio Cent. RR., Inc.*, 10th Dist. No. 05AP-206, 2006-Ohio-2268, ¶ 20, quoting *Grove City v. Clark*, 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11.

{¶ 24} In ruling on appellant's second assignment of error, we concluded that because appellant failed to bring these arguments on direct appeal, his claims constitute voidable error subject to res judicata. Consequently, since the arguments asserted in appellant's motion are barred, the trial court's characterization of the motion is immaterial to our analysis as the substance of the errors are precluded by res judicata.[2] Accordingly, our resolution of the second assignment of error renders appellant's first assignment of error moot.

{¶ 25} As such, appellant's first assignment of error is rendered moot.

## IV. CONCLUSION

{¶ 26} Having rendered appellant's first assignment of error moot and overruling appellant's second assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

NELSON, J., concurs.
DORRIAN, J., concurs in judgment only.
_____

---

[2] It is well-established that the title or caption of a motion does not control, but the contents of the motion determines how the court should treat it. *State v. Payne*, 10th Dist. No. 19AP-248, 2020-Ohio-1009, fn. 9, citing *Cooke v. United Dairy Farmers, Inc.*, 10th Dist. No. 05AP-1307, 2006-Ohio-4365, ¶ 29 ("Courts of this state have recognized that the name given to a pleading or motion is not controlling. Rather, it is the substance of the pleading or motion that determines the operative effect thereof.").