[Cite as *State v. Wilcox*, 2021-Ohio-677.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellant,                    :                    No. 19AP-874
                                                 (C.P.C. No. 19CR-4395)

v.                                                     :

Laura Wilcox,                                          :                    (REGULAR CALENDAR)

      Defendant-Appellee.                     :

---

D E C I S I O N

Rendered on March 9, 2021

---

**On brief**: [*G. Gary Tyack*], Prosecuting Attorney, and *Seth L. Gilbert*, for appellant. **Argued**: *Seth L. Gilbert*.

**On brief**: *Yeura Venters*, Public Defender, and *Ian J. Jones*, for appellee. **Argued**: *Ian J. Jones*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, Laura Wilcox, to dismiss case Franklin C.P. No. 19CR-4395. For the reasons which follow, we reverse.

{¶ 2} By indictment filed September 4, 2019, in case No. 19CR-4395, the state charged defendant with one count of escape in violation of R.C. 2921.34, a felony of the fourth degree. The charge arose from defendant's sentence to a term of post-release control in case Franklin C.P. No. 05CR-3398.

{¶ 3} In 2005, in case No. 05CR-3398, the trial court accepted defendant's guilty plea to a charge of second-degree felony aggravated arson and sentenced defendant to a

five-year period of community control. In 2007, the trial court revoked defendant's community control and sentenced defendant to a two-year term of imprisonment. The 2007 revocation entry informed defendant she would be subject to a mandatory five-year period of post-release control following her release from prison. Defendant did not appeal any aspect of her conviction or sentence from case No. 05CR-3398.

{¶ 4} Following her release from prison on October 13, 2008, defendant failed to report to her Ohio Adult Parole Authority ("OAPA") officer and was declared an absconder. In 2009, defendant was arrested and the OAPA sanctioned defendant to an 89-day prison term. Following her release from prison in 2009, defendant again failed to report to her OAPA officer and was declared an absconder. Over the next ten years defendant incurred criminal charges in Nebraska and Texas. Defendant was returned to Ohio on May 22, 2019 following her release from a Texas prison. On June 13, 2019, OAPA released defendant from custody and placed her in a treatment program. Defendant "went AWOL" from the treatment program, was arrested, sanctioned, and placed in a different treatment program. (Decision at 4.) On July 6, 2019, defendant "went AWOL from the [second] treatment program and was declared an absconder." (Decision at 5.) The escape charge in the present case relates to defendant's failure to return to the second treatment program.

{¶ 5} On October 7, 2019, defendant filed a motion to dismiss the escape charge. Defendant argued that the post-release control aspect of her sentence from case No. 05CR-3398 was void, as R.C. 2967.28(B)(2) obligated the trial court to impose a three-year, rather than a five-year, term of post-release control in that case. The state filed a memorandum contra defendant's motion to dismiss on October 21, 2019.

{¶ 6} On December 3, 2019, the trial court issued a decision and entry granting defendant's motion to dismiss. The court found defendant's sentence to a five-year term of post-release control in case No. 05CR-3398 contrary to law. Relying on *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238 and *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, the court held defendant's post-release control sanction was void and no longer subject to correction. As such, the court concluded that the void post-release control sanction "[could not] serve as a proper predicate for a criminal escape charge" and that the court did "not have jurisdiction to convict Defendant Wilcox on an escape charge." (Decision at 7, 19.)

{¶ 7}   The state appeals, assigning the following two errors for our review:

[I.] The trial court erred in dismissing the indictment, as a defendant can be guilty of escape under R.C. 2921.34(A)(3) notwithstanding an irregularity in imposing the underlying PRC term.

[II.] The trial court erred in holding that the APA may no longer enforce PRC in 05CR-3398 and that PRC term in that case is no longer subject to correction.

{¶ 8}   The state's first assignment of error asserts the trial court erred in dismissing the indictment. " 'We review a trial court's legal conclusions in ruling on a pretrial motion to dismiss criminal charges de novo.' " *State v. Parr*, 10th Dist. No. 17AP-782, 2019-Ohio-4011, ¶ 11, quoting *State v. Wilson*, 10th Dist. No. 13AP-205, 2013-Ohio-4799, ¶ 4.

{¶ 9}   The trial court granted defendant's motion to dismiss case No. 19CR-4395 based on its conclusion that defendant's post-release control sanction from case No. o5CR-3398 was void pursuant to *Fischer* and *Holdcroft*. However, the Supreme Court of Ohio recently "realign[ed]" its void sentence jurisprudence, and returned to "the traditional understanding of what constitutes a void judgment." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 4. Thus, "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. When a sentencing court has jurisdiction to act, "sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id. See State v. Henderson*, ___ Ohio St.3d ___, 2020-Ohio-4784, ¶ 1 (following *Harper* to hold that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant"); *State v. Jennings*, 10th Dist. No. 18AP-139, 2020-Ohio-5154, ¶ 8. In *Harper*, the court "overrule[d] [its] precedent to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void." *Id.* at ¶ 40. *See State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, ¶ 12-15 (acknowledging that *Harper* overruled *Fischer* and *Holdcroft*, among other cases).

{¶ 10}   The trial court possessed subject-matter jurisdiction over case No. 05CR-3398 and personal jurisdiction over defendant. *See Harper* at ¶ 25, quoting *Smith v.*

*Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8 (stating that " 'a common pleas court has subject-matter jurisdiction over felony cases' "); *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927) (stating that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). As the trial court possessed jurisdiction to act in case No. 05CR-3398, any error in the court's imposition of post-release control rendered defendant's sentence voidable, not void.

{¶ 11} "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Henderson* at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. *Accord Harper* at ¶ 43 (stating that "any claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata"). Defendant could have, but did not, challenge her post-release control sanction on direct appeal. As such, any argument regarding the propriety of her post-release control sanction is now subject to res judicata.

{¶ 12} Accordingly, as defendant's post-release control sanction from case No. 05CR-3398 was voidable, not void, the trial court erred in granting defendant's motion to dismiss case No. 19CR-4395. Based on the foregoing, the state's first assignment of error is sustained.

{¶ 13} The state's second assignment of error asserts the trial court erred in holding OAPA could no longer enforce defendant's post-release control sanction and that defendant's post-release control term was no longer subject to correction.

{¶ 14} The trial court concluded that OAPA could not enforce defendant's post-release control sanction because the sanction was void. As noted, defendant's post-release control was voidable, not void. Because defendant's post-release control sanction was never vacated on appeal, it remained enforceable. *Henderson* at ¶ 17, citing *Tari* at 494 (holding that "unless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong"); *State ex rel Randlett v. Lynch*, 10th Dist. No. 20AP-489, 2021-Ohio-221, ¶ 27 (holding that pursuant to *Harper*, "because the imperfect imposition of postrelease control in [defendant's] case was never voided, that

part of [defendant's] sentences remained in full force"). Thus, OAPA could enforce defendant's term of post-release control from case No. 05CR-3398.

{¶ 15} The trial court further concluded that it could not correct defendant's post-release control term as defendant had completed her prison sentence. *Harper* and *Henderson* demonstrate that defendant's post-release control sanction is subject to res judicata. Accordingly, we find no error in the trial court's conclusion that defendant's post-release control sanction could not be corrected, albeit for different reasons than those stated by the trial court. *See State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, ¶ 46 (stating that "[a] reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason").

{¶ 16} The state also argues that "[t]o the extent the trial court's decision is read to have the effect of actually terminating * * * the [post-release control] in 05CR-3398, the judgment should be reversed." (Appellant's brief at 17.) However, the trial court's December 3, 2019 decision does not contain a statement purporting to terminate the post-release control sanction from case No. 05CR-3398. Rather, the court's decision simply grants defendant's motion to dismiss case No. 19CR-4395. As the trial court did not terminate or vacate the post-release control sanction from case No. 05CR-3398, the state's argument in this regard lacks merit.

{¶ 17} Based on the foregoing, we sustain in part and overrule in part the state's second assignment of error.

{¶ 18} Having sustained the state's first assignment of error, and sustained in part and overruled in part the state's second assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand the matter for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

_____