**[Cite as *State v. Starnes*, 2021-Ohio-885.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

DILLON STARNES

    Appellant

C.A. Nos.     19CA011580, 19CA011581,
                  19CA011582, 19CA011583,
                  19CA011584

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.     13CR086634, 13CR086774,
                  14CR090169, 14CR090183,
                  14CR090254

DECISION AND JOURNAL ENTRY

Dated: March 22, 2021

---

HENSAL, Presiding Judge.

{¶1} Dillon Starnes appeals a judgment of the Lorain County Court of Common Pleas that amended his sentences to include post-release control. For the following reasons, this Court reverses.

I.

{¶2} In five separate cases, Mr. Starnes pleaded guilty to counts of receiving stolen property, attempted felonious assault, burglary, theft, and forgery. The trial court sentenced him to two years of community control in each case. After Mr. Starnes violated the terms and conditions of community control multiple times, the trial court sentenced him in November 2017 to a total of two years imprisonment. At the sentencing hearing, the trial court did not advise Mr. Starnes about post-release control and it did not include anything about post-release control in its

sentencing entry. Neither party, however, appealed. In 2019, the Ohio Department of Rehabilitation and Correction notified the trial court of the oversight. Over Mr. Starnes's objection, the court held a hearing to advise him of his post-release control obligations. It also entered a journal entry advising Mr. Starnes of post-release control. Mr. Starnes has appealed, arguing that the trial court did not have authority to add post-release control to his sentences.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY ADDING POST-RELEASE CONTROL TO APPELLANT'S SENTENCE AFTER THE SENTENCE HAD BEEN JOURNALIZED AND COMPLETED.

{¶3} Mr. Starnes argues that the trial court could not amend his sentences to impose post-release control for two reasons. First, he argues that, because the post-release-control error did not make the sentences void, any modification of them was barred under res judicata. Second, he argues that the court did not have authority to modify his sentences because he had already completed them by the time the trial court made the correction, even though he remained incarcerated at the time on charges from a different county.

{¶4} This Court does not have to reach the res judicata issue because the trial court did not have authority to amend Mr. Starnes's completed sentences. "A trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, paragraph three of the syllabus.

{¶5} In November 2017, the trial court sentenced Mr. Starnes to a total of two years of imprisonment in the five cases. According to Mr. Starnes, following the application of jail-time credit, he completed his sentences in July 2019. The State does not contest that Mr. Starnes had

completed his sentence in the five cases by the time that the trial court resentenced him in October 2019.

{¶6} In *Holdcroft*, the trial court sentenced Mr. Holdcroft to ten years for aggravated arson followed by five years for arson. *Id.* at ¶ 2. Ten and a half years after Mr. Holdcroft began serving his sentences, the trial court resentenced him to correct errors it had made in imposing post-release control. *Id.* at ¶ 3. The Ohio Supreme Court reversed, holding that the trial court did not have authority to resentence Mr. Holdcroft on the aggravated arson count because he had already completed his sentence for that offense, even though he remained incarcerated for the arson offense. *Id.* at ¶ 10, 12. Noting that felony sentencing in Ohio is offense-specific, the Court explained that "the line of finality and modification authority must be drawn at the sentence level, rather than at the incarceration level[.]" *Id.* at ¶ 13. Consequently, "when the entirety of a prison sanction has been served, the defendant's expectation in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified." *Id.* at ¶ 18.

{¶7} The State concedes that the trial court erred when it modified Mr. Starnes's sentences to impose post-release control. Upon this Court's independent review of the record, we agree with Mr. Starnes that the trial court did not have authority to modify his completed sentences in these cases, even though he remained incarcerated for other offenses. Mr. Starnes's assignment of error is sustained.

### III.

{¶8} Mr. Starnes's assignment of error is sustained. The judgments of the Lorain County Court of Common Pleas are reversed.

Judgments reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---
JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

J. D. TOMLINSON, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.