[Cite as *State v. Brasher*, 2021-Ohio-1688.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-08-094 |
| | : | O P I N I O N |
| - vs - | | 5/17/2021 |
| | : | |
| KYLE BRASHER AKA KYLE BRASHEAR, | : | |
| | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-08-0933

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Engel & Martin, LLC, Mary K. Martin, 4660 Duke Drive, Suite 101, Mason, Ohio 45040, for appellant

Ohio Crime Victim Justice Center, Morgan Keilholz, 2300 Montana Avenue, Suite 238, Cincinnati, Ohio 45211, for intervenor-appellee

**HENDRICKSON, J.**

{¶1}   Appellant, Kyle Brasher, appeals the decision and supplemental sentencing entry of the Butler County Court of Common Pleas ordering him to pay $1,976.55 in restitution to one of the victims of his crime, Deborah Howery.  For the reasons detailed below, we reverse the trial court's decision.

{¶2} On September 17, 2018, Brasher pled guilty to one count of grand theft of a motor vehicle in violation of R.C. 2913.02, a fourth-degree felony. Finding Brasher had entered his plea knowingly, intelligently, and voluntarily, the trial court found him guilty. The trial court thereafter sentenced Brasher to an 18-month prison term. There is no dispute that the trial court did not impose a restitution order as part of its sentence.

{¶3} On March 11, 2019, the victim, Howery, filed a complaint for a writ of mandamus asserting that she was a victim entitled to certain rights under Article I, Section 10a of the Ohio Constitution, commonly referred to as Marsy's Law. In her complaint, Howery sought an order to compel the trial court to reopen Brasher's sentencing in order to enforce her constitutional right to restitution under Marsy's Law.

{¶4} On May 4, 2020, this court issued a decision in *State ex rel. Howery v. Powers*, 12th Dist. Butler CA2019-03-045, 2020-Ohio-2767, granting Howery's complaint for a writ of mandamus and ordering the trial court to reopen sentencing in Brasher's case, *State v. Brasher*, Butler C.P. 2018-05-0933.

{¶5} On July 27, 2020, the trial court held a restitution hearing in accordance with our decision in *Powers*. During this hearing, Howery and another victim, Lawrence Hammon, testified about the economic loss they had sustained as a result of Brasher's crime.

{¶6} On August 18, 2020, the trial court issued a decision and supplemental sentencing entry ordering Brasher to pay Howery $1,976.55 in restitution. Prior to the trial court issuing that decision, however, Brasher was released from prison having served his entire 18-month prison sentence.

{¶7} Brasher now appeals from the trial court's supplemental sentencing entry, raising the following four assignments of error for review.

{¶8} Assignment of Error No. 1:

- 2 -

{¶9}   THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL DUE PROCESS RIGHTS.

{¶10}  Assignment of Error No. 2:

{¶11}  THE TRIAL COURT ERRED BY VIOLATING APPELLANT'S CONSTITUTIONAL RIGHT AGAINST DOUBLE JEOPARDY.

{¶12}  Assignment of Error No. 3:

{¶13}  THE TRIAL COURT ERRED BY GRANTING RESTITUTION THAT THE VICTIM(S) FAILED TO ASSERT.

{¶14}  Assignment of Error No. 4:

{¶15}  THE TRIAL COURT ERRED IN ORDERING AND DETERMINING RESTITUTION.

{¶16}  Because they are interrelated, we will address Brasher's four assignments of error together.  In his first assignment of error, Brasher argues his constitutional due process rights were violated when the trial court imposed restitution after he had already completed the entirety of his 18-month prison term.  Following review, we agree and find that the trial court did not have authority to amend Brasher's completed sentence.

{¶17}  A court has jurisdiction to correct a judgment that is void at any time.  *State v. Crawford*, 1st Dist. Hamilton No. C-190497, 2020-Ohio-4897, ¶ 6, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St. 3d 353, 2006-Ohio-5795, ¶ 18-19.  Recently, in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, the Ohio Supreme Court "realign[ed]" its void-versus-voidable jurisprudence with the "traditional understanding of what constitutes a void judgment."  *Id.* at ¶ 4.  That is to say, the Ohio Supreme Court clarified its prior decisions discussing the void/voidable conundrum and explicitly stated that "[w]hen a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment

voidable," not void. *Id.*

{¶18} We recognize that this matter has had a confusing procedural posture involving a new constitutional amendment and a subsequent action for a writ of mandamus. So, given this unusual case history, we pause to address the jurisdictional implications. In this case, unlike in a void judgment, the trial court plainly had jurisdiction in its initial sentencing entry. Brasher appeared before the trial court under indictment for one count of grand theft of a motor vehicle. The trial court acted within its subject-matter jurisdiction in sentencing Brasher for that offense. Consequently, any error in the imposition of that sentence rendered the sentence voidable, not void. *Id.*

{¶19} However, that determination is separate from the issue presently before this court. As noted above, Brasher was released from prison on February 17, 2020, having served his entire prison sentence.[1] At that point, we find the trial court lost jurisdiction to modify Brasher's sentence pursuant to the decision in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014.

{¶20} In *Holdcroft*, the Ohio Supreme Court held that "[a] trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." *Id.* at paragraph three of the syllabus. Although *Holdcroft* involved the imposition of postrelease control, this court, and our sister district, have applied this holding in other contexts. *See, e.g., State v. Metcalf*, 12th Dist. Warren No. CA2015-03-022, 2016-Ohio-4923, ¶ 20 and *State v. Halsey*, 12th Dist. Butler No. CA2016-01-001, 2016-Ohio-7990, ¶ 30 (Tier III sexual offender classification); *State v. Rucker*, 1st Dist. Hamilton No. C-180606, 2019-Ohio-4490, ¶ 18 (Tier II sexual offender classification).

---

1. We note that Brasher was released into a local treatment program prior to February 17, 2020, however for purposes of this appeal we will utilize the February 17, 2020 date consistent with the sentencing entry.

{¶21} The rationale for this holding is to preserve a legitimate expectation of finality in sentencing. *Holdcroft.* at ¶ 16. Put another way, "when the entirety of a prison sanction has been served, the defendant's expectation in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified." *Id.* at ¶ 18. Therefore, in this case, since Brasher had completed his sentence in full, the trial court lacked jurisdiction to order restitution or issue its supplemental sentencing entry. *Id.* at ¶ 19. *See, e.g.*, *State v. Starnes*, 9th Dist. Lorain Nos. 19CA011580 thru 19CA011584, 2021-Ohio-885, ¶ 4; *State v. Thompson*, 3d Dist. Marion No. 9-20-19, 2021-Ohio-642, ¶ 16. Accordingly, applying the Ohio Supreme Court's holdings in *Harper* and *Holdroft*, we find the trial court's supplemental sentencing entry is void.

{¶22} In so holding, we note that while this court is sympathetic to Howery and all victims of crime, this court cannot ignore the dictates from the Ohio Supreme Court. Therefore, contrary to the arguments advanced by the state and Howery herein, we find the Ohio Supreme Court's decision in *Holdcroft*, as well as the new "realignment" in the void-versus-voidable jurisprudence outlined in *Harper*, compels the result in this case. Applying those principles to the case at bar, we find the trial court did not have authority to impose restitution after Brasher was released from prison following the completion of his 18-month prison sentence. Therefore, for the reasons outlined above, the trial court's supplemental sentencing entry is void and is hereby vacated. Brasher's first assignment of error is sustained, thereby rendering Brasher's three remaining assignments of error moot.

{¶23} Judgment reversed and vacated.

PIPER, P.J., and M. POWELL, J., concur.