[Cite as *State v. Pishok*, 2021-Ohio-3405.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO. 13-21-02

      v.

DAVID J. PISHOK,

                              **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 2017 CR 164

**Judgment Affirmed**

Date of Decision: September 27, 2021

APPEARANCES:

    *David J. Pishok,* Appellant

    *Derek W. DeVine* for Appellee

**SHAW, J.**

{¶1} This appeal, having been placed on the accelerated calendar, is sua sponte being assigned and considered on the regular calendar pursuant to Loc.R. 12(1). Under the authority of Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.

{¶2} Defendant-appellant, David J. Pishok ("Pishok"), appeals the January 20, 2021 Judgment Entry of the Seneca County Court of Common Pleas, overruling his "Motion to Vacate and Terminate From Expired Journalized Sentence the Court's Invalidly Imposed Postrelease Control Sanction."

*Prior Procedural History*

{¶3} In July 2001, the Seneca County Grand Jury returned a nine-count indictment against Pishok for various felonies associated with the armed robbery of The Gallery antique store in Tiffin, Ohio. Pishok plead guilty to seven of the counts which included one first-degree felony, one second-degree felony, two third-degree felonies, two fourth-degree felonies, and one fifth-degree felony. Pishok was sentenced on January 29, 2002, to an aggregate sentence of twenty-one years in prison.

{¶4} In 2010, Pishok appealed the trial court's denial of his motion for resentencing on the grounds that his postrelease control was improperly imposed. On September 7, 2010, this Court sustained the first assignment of error and

remanded the case to the trial court for a resentencing hearing so that Pishok could be properly notified of postrelease control. *State v. Pishok*, 3d Dist. No. 13-10-12 (Sept. 7, 2010).

{¶5} On November 10, 2010, upon remand, the trial court held a resentencing hearing.

{¶6} On November 23, 2010, the trial court filed its "Judgment Entry of Sentence," imposing the same prison terms as stated in its original 2002 judgment entry of sentencing, but informing Pishok as to the relative postrelease control sanctions for each offense, and giving him credit for all of the time served to date. The trial court subsequently issued a nunc pro tunc to its November 23, 2010 Judgment Entry correcting typographical errors.

{¶7} On August 3, 2017, Pishok filed a "Motion to Vacate and Terminate Previously Ordered Void Portions of the Trial Court's Erroneously Imposed Post-Release Control from Sentences," claiming that the trial court was without authority to impose the periods of postrelease control at his 2010 resentencing because he had already served the individual prison terms in the aggregate prison sentence for some of the offenses, and because the trial court had failed to properly impose postrelease control on one of the counts.

{¶8} On September 22, 2017, the trial court overruled Pishok's motion. Pishok appealed and, relying upon the Supreme Court of Ohio's opinion in *State v.*

*Holdcroft*, this Court granted Pishok partial relief. *See Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014. In applying the holding in *Holdcroft*, we determined that because Pishok had already served the prison terms imposed for Counts One, Five, Six, and Nine at the time of the 2010 resentencing hearing, the trial court was without the authority to impose a term of postrelease control as a sanction for these offenses, despite the fact that he remained in prison for other offenses. We also remanded the case to the trial court to correct the judgment entry of sentencing to reflect the trial court's proper imposition of a mandatory three-year period of postrelease control for Count Three, as stated by the trial court at the November 2010 resentencing hearing.

{¶9} On April 22, 2019, upon remand from this Court, the trial court issued a Judgment Entry of Sentence Nunc Pro Tunc to November 10, 2010, noting that the period of postrelease control "is mandatory in this case on Counts Three, Four, and Seven for a period of three (3) years. With days of credit, the Defendant has already served the sentences imposed for Counts One, Five, Six, and Nine, and no postrelease control is ordered for those sentences." (April 22, 2019 JE at 6-7).

{¶10} On October 6, 2020, Pishok filed a "Motion to Vacate and Terminate From Expired Journalized Sentence the Court's Invalidly Imposed Postrelease Control Sanction," arguing that the trial court was not authorized to impose a

postrelease control sanction for Count Three because he had already served his prison term for that offense.

{¶11} On January 20, 2021, the trial court denied the motion, finding Pishok's claims were barred by the doctrine of res judicata.

{¶12} Pishok filed this appeal, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN ITS APRIL 22, 2019 NUNC PRO TUNC SENTENCING ENTRY WITH RESPECT TO COUNT THREE OF THE INDICTMENT (COMPLICITY TO ROBBERY, A SECOND DEGREE FELONY), WHEN AFTER THE DEFENDANT-APPELLANT HAD ALREADY COMPLETED THE COURT'S CONSECUTIVELY ORDERED SEVEN (7) YEAR STATED PRISON SANCTION IN ITS ENTIRETY FOR THIS PARTICULAR OFFENSE, THE COURT EMENDED COUNT THREE'S ERRONEOUSLY IMPOSED DISCRETIONARY POSTRELEASE CONTROL SANCTION WITH A MANDATORY THREE (3) YEAR TERM OF POSTRELEASE CONTROL.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT'S APRIL 22, 2019 EMENDATION OF COUNT THREE'S POSTRELEASE CONTROL SANCTION FROM A DISCRETIONARY POSTRELEASE CONTROL SANCTION TO A MANDATORY THREE (3) YEAR TERM OF POSTRELEASE CONTROL IS NULL AND VOID, AND UNENFORCEABLE BY THE OHIO ADULT PAROLE AUTHORITY.**

**ASSIGNMENT OF ERROR NO. 3**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN THE COURT DENIED**

**HIS OCTOBER 6, 2020 MOTION TO VACATE AND TERMINATE FROM EXPIRED JOURNALIZED SENTENCE THE COURT'S INVALIDLY IMPOSED POSTRELEASE CONTROL SANCTION.**

{¶13} Due to the nature of the arguments raised in the assignments of error, we elect to discuss them together.

{¶14} On appeal, Pishok again relies upon the Supreme Court's holding in *State v. Holdcroft* to argue that the trial court erred when it imposed upon him a mandatory three-year period of postrelease control in its April 22, 2019 "Judgment Entry of Sentence Nunc Pro Tunc to November 10, 2010." *Holdcroft*, *supra*, 137 Ohio St.3d 526. Specifically, Pishok relies upon *Holdcroft* to argue that a trial court's improper imposition of a postrelease control sanction causes a sentence to be partially void, and that a trial court only retains jurisdiction to remedy the imposition of postrelease control if the underlying prison term has not expired. Pishok maintains that he had served the prison term for Count Three prior to the trial court issuing its "Judgment Entry of Sentence Nunc Pro Tunc to November 10, 2010" on April 22, 2019, and therefore the trial court was not authorized to impose a postrelease control sanction upon him for that count.

*Legal Authority*

{¶15} The Supreme Court of Ohio has recently clarified its jurisprudence on the issues raised by Pishok on appeal in *State v. Hudson*, 161 Ohio St. 3d 166, 2020-Ohio-3849. In *Hudson*, the Supreme Court specifically overruled its prior case

authority "holding that a trial court's failure to properly impose postrelease control renders the sentence—or that part of the sentence—void and permits it to be corrected at any time before it expires." *Id.* at 12, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 23; *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 28; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197¶ 6; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph one of the syllabus; *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, ¶ 7; *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 7; *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, ¶ 8.

{¶16} In recognizing "that continued adherence to this caselaw was no longer tenable," the Supreme Court reiterated its holding in *State v. Harper*, which overruled *Holdcroft* and others, and "held that when the trial court has subject-matter jurisdiction over the crime and personal jurisdiction over the accused, the failure to properly impose postrelease control in a sentence renders that sentence voidable, not void." *Hudson¸* 161 Ohio St. 3d 166, 2020-Ohio-3849, ¶ 14, citing *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, at ¶ 39-42.

{¶17} In general, a voidable judgment may be set aside only if successfully challenged on direct appeal. *Hudson* at ¶ 26. We conclude that the Supreme Court's decision in *Harper* and its progeny controls the resolution of this appeal.

*Analysis*

**{¶18}** The record in this case establishes that the trial court had the constitutional and statutory power to proceed to judgment, therefore, any error in imposing postrelease control was an error in the exercise of jurisdiction. *See Harper* at ¶ 41. Such an error could have been objected to in the trial court and may have been reversible error on direct appeal, *but it did not render any part of Pishok's sentence void. See id.* Therefore, because Pishok could have raised on direct appeal his argument that the trial court failed to properly impose postrelease control, it is now barred by the doctrine of res judicata and he is precluded from collaterally attacking the trial court's sentencing entry at this time. *See id.*; *Hudson*, 161 Ohio St. 3d 166, 2020-Ohio-3849, ¶ 16. Consequently, we do not find that the trial court erred when it overruled Pishok's "Motion to Vacate and Terminate From Expired Journalized Sentence the Court's Invalidly Imposed Postrelease Control Sanction" on the basis that his claims were barred by the doctrine of res judicata.

**{¶19}** Accordingly, for the aforementioned reasons, the assignments of error are overruled and the Judgment Entry of the Seneca County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, J., concurs.**

**/jlr**

**WILLAMOWSKI, J., Dissenting.**

{¶20} I respectfully dissent from the majority opinion. Because Pishok finished the prison sanction imposed for his conviction on the third count against him, I would hold that the trial court did not have jurisdiction to issue a nunc pro tunc entry that corrected the relevant sentencing entry. For the following reasons, I would find that the nunc pro tunc entry issued by the trial court in 2019 is void and that Pishok's challenge is not, therefore, barred by the doctrine of res judicata.

{¶21} In this case, the trial court imposed prison terms on Pishok for seven convictions in January of 2002. Doc. 47. However, the trial court failed to properly impose post-release control. Doc. 219. In 2010, the trial court resentenced Pishok to address this issue. Doc. 219. The trial court ultimately

> **ordered Pishok to first serve the nine-year prison term for Count One, followed by the seven-year prison term for Count Three, followed by the three-year prison term for Count Four, followed by the two-year prison term for Count Seven, for a total aggregate prison term of twenty-one years. The eleven-month prison terms for Counts Five, Six and Nine were ordered 'to be served concurrently with each other and concurrent to all other sentences.'**

*State v. Pishok*, 3d Dist. No. 13-17-33 (Feb. 20, 2018), quoting Doc. 219. However, this resentencing entry stated that the third count carried a term of post-release control of "up to three (3) years." Doc. 219.

{¶22} In 2017, Pishok filed a motion that challenged the imposition of post-release control in the resentencing entry from 2010. Doc. 262. In 2018, this Court, after examining the record, determined the following:

> **We further note that with respect to Count Three, the December 20, 2010 Judgment Entry of Sentence erroneously states that '[a]s to Count Three, post-release control is *mandatory* for a period *up to* three (3) years.' (Doc. No. 219 at 6) (emphasis added). However, the trial court properly notified Pishok at the sentencing hearing that he was subject to a *mandatory* three-year period for the second degree felony offense stated in Count Three. * * * [T]he trial court may issue a nunc pro tunc entry reflecting the proper notification of postrelease control on Count Three, so long as Pishok has not already served his consecutive time for the seven-year prison term.**

(Emphasis sic.) *Pishok*, No. 13-17-33, *supra*. Fourteen months later, on April 22, 2019, the trial court issued a nunc pro tunc entry ("the Nunc Pro Tunc Entry") that corrected the stated term of post-release control for Count Three. Doc. 273.

{¶23} However, Pishok appears to have completed the prison term imposed for Count Three before the trial court issued the Nunc Pro Tunc Entry. The seven-year sentence for Count Three was to be served following the nine-year sentence for Count One. *Pishok*, No. 13-17-33, *supra*, quoting Doc. 219. Thus, after sixteen years in prison, Pishok was set to complete the sentence imposed for Count Three. *Id.* Pishok was sentenced in January of 2002 and had 182 days of jail time credit, but the Nunc Pro Tunc Entry was not issued until April of 2019. Doc. 47, 273.

-10-

{¶24} The question before this Court is whether Pishok's challenge to the Nunc Pro Tunc Entry from 2019 is barred by res judicata. The answer to this question hinges on whether this challenged Nunc Pro Tunc Entry is void.

> **[a] void judgment is rendered by a court without jurisdiction. It is a mere nullity and can be disregarded. It can be attacked in collateral proceedings. \* \* \* [*Tari v. State*, 117 Ohio St. 481, 494, 159 N.E. 594, (1927)]. A voidable judgment is one pronounced by a court with jurisdiction. \* \* \* [U]nless it is vacated on appeal, a voidable judgment has the force of a valid legal judgment, regardless of whether it is right or wrong. *Id*.**

*State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 17. Thus, a voidable sentence entry is subject to res judicata while a void sentence entry may be "challenge[d] \* \* \* at any time \* \* \*." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 18.

{¶25} The majority correctly notes that the Ohio Supreme Court recently realigned its jurisprudence on this issue by redefining what qualifies as a voidable sentence as opposed to a void sentence. *State v. Harper, supra*, at ¶ 42-43. In *State v. Harper*, the Ohio Supreme Court overruled a line of cases that had departed from the traditional understanding of what constituted a void as opposed to a voidable sentence. *Id*. at ¶ 4-5. Under this now overruled line of cases, a trial court's failure to impose post-release control in a sentencing entry rendered a sentence partially void. *Id*. at ¶ 29, citing *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23, *overruled by Harper*.

-11-

**{¶26}** For this reason, "the failure to properly impose postrelease control rendered the sentence void and permitted it to be corrected at any time prior to the expiration of the journalized sentence." *Harper* at ¶ 30. In *State v. Holdcroft*, the Ohio Supreme Court set forth three principles that governed this line of cases:

> **First, when a sentence is subject to direct review, it may be modified; second, when the prison-sanction portion of a sentence that also includes a void sanction has not been completely served, the void sanction may be modified; and third, when the entirety of a prison sanction has been served, the defendant's expectation in finality in his sentence becomes paramount, and his sentence for that crime may no longer be modified.**

*State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 18, *reversed in part by Harper*, *supra*, at ¶ 43.

**{¶27}** However, in *Harper* and its progeny, the Ohio Supreme Court returned to "the traditional understanding of void and voidable sentences * * *." *Harper* at ¶ 43. The Ohio Supreme Court held:

> **When a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal.**
>
> **In this case, the common pleas court had subject-matter jurisdiction over the case and personal jurisdiction over the accused. Because the court had the constitutional and statutory power to enter a finding of guilt and impose a sentence, any error in the exercise of its jurisdiction in failing to properly impose postrelease control rendered the judgment of conviction voidable, not void, and it is not subject to collateral attack. *Therefore, to the extent any prior case conflicts with our holding today, it is overruled.***

(Emphasis added.) *Harper, supra*, at ¶ 4-5. Thus, the failure to properly impose post-release control now makes a sentence voidable rather than partially void. *Id.* at ¶ 5. For this reason, if such an error is not challenged on direct appeal from the judgment of conviction, res judicata operates to prevent a trial court from subsequently correcting its error and imposing post-release control. *Id.* at ¶ 43.

{¶28} *Harper* and its progeny overruled the second principle enunciated in *Holdcroft*. *See Harper, supra*, at ¶ 43; *Holdcroft, supra*, at ¶ 18. However, this Court has previously held that the third principle in *Holdcroft* was left unaltered by this jurisprudential realignment. *State v. Thompson*, 3d Dist. Marion No. 9-20-19, 2021-Ohio-642, ¶ 14. In *Thompson*, we noted that *Holdcroft's* second and third principles were based "on different foundations." *Id.* at ¶ 12. In *Holdcroft*, the Ohio Supreme Court stated that the

> **sanction-correction rule is based on principles of res judicata—
> while a void sanction may be modified, a valid sanction generally
> cannot. [*State v.*] *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942
> N.E.2d 332, at ¶ 17 [(*reversed by Harper, supra*)]. But once a valid
> prison sanction has been served, it is no longer res judicata that
> acts as a bar to modification; rather, the court has lost jurisdiction
> to modify the sentence.**

*Holdcroft, supra*, at ¶ 14. Based on this language, we concluded the following:

> **[O]nce a defendant has completed his or her sentence, a trial court
> does not have jurisdiction to resentence that defendant.
> *Holdcroft, supra*, at ¶ 14, 18. *Harper* affected the ability of trial
> courts to resentence a defendant *before* his or her sentence has
> been completed. *Harper, supra*, at ¶ 42-43. But *Harper* does not**

> **appear to affect the jurisdictional limitations on a trial court's ability to resentence a defendant *after* his or her sentence has been completed.**
>
> **Further, we also note that the third principle in *Holdcroft* is consistent with the reasons that the Ohio Supreme Court gave for overturning the second principle in *Holdcroft*. In *State v. Henderson*, the Ohio Supreme Court stated that the reason for the jurisprudential realignment in *Harper* was to 'restore predictability and finality to trial-court judgments and criminal sentences.' *State v. Henderson*, [161 Ohio St.3d 285,] 2020-Ohio-4784, [162] N.E.3d [776], ¶ 33. The third principle recognizes a jurisdictional limitation on the ability of a trial court to resentence a defendant after a sentence has been completed. This limitation protects the 'predictability and finality' of 'trial-court judgments and criminal sentences.' *Id*.**

(Emphasis sic.) *Thompson* at ¶ 14-15.

{¶29} Other courts in the state have recognized the apparent survival of the third principle in *Holdcroft*. *State v. Ingels*, 1st Dist. Hamilton Nos. C-180469, C-180470, and C-180471, 2020-Ohio-4367, ¶ 10; *State v. Starnes*, 9th Dist. Lorain Nos. 19CA011580, 19CA011581, 19CA011582, 19CA011583, and 19CA011584, 2021-Ohio-885, ¶ 4-7; *State v. Floyd*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 20; *State v. Brasher*, 2021-Ohio-1688, 170 N.E.3d 920, ¶ 21 (12th Dist.).

{¶30} Turning to the facts of the case before this Court, Pishok had apparently completed the sentence imposed for Count Three before the trial court issued the Nunc Pro Tunc Entry on April 22, 2019. *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24 (holding that a nunc pro tunc entry can correct a clerical error in a sentencing entry "as long as the correction is

-14-

accomplished prior to the defendant's completion of his prison term"). *See also State v. Spicer*, 5th Dist. Perry No. 20CA00013, 2021-Ohio-386, ¶ 15; *State v. Huber*, 2d Dist. Clark No. 2013 CA 16, 2014-Ohio-2095, ¶ 9.

{¶31} Since Pishok had completed his sentence for Count Three, the trial court did not have jurisdiction to issue the April 22, 2019 Nunc Pro Tunc Entry. For this reason, this Nunc Pro Tunc Entry was not voidable but void and could, therefore, be challenged at any time. As such, the doctrine of res judicata does not operate to bar Pishok's challenge. Accordingly, I respectfully dissent from the majority's conclusion. I would reverse the decision of the trial court and vacate the April 22, 2019 Nunc Pro Tunc Entry as a void sentencing entry.

**/jlr**